# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

_____

**John Doe,**                               Civil Action: No 1:18-cv-02427

Plaintiff,

v.

**Jane Doe,**

Defendant

And

**Twitter, Inc.**

Third Party Defendant

_____

MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

1. The Plaintiff believes that a case involving defamation is not in the public interest and an order allowing a complaint to be filed under seal is appropriate in this matter.

2. Jane Doe has published multiple defamatory statements and has waged a campaign of harassment against someone who is not a public figure.

3. Courts have long recognized a common-law right of access to judicial records. *Nixon [v. Warner Communications, Inc.],* 435 U.S. 589] at 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 [ (1978) ]; *Lanphere & Urbaniak v. Colorado,* 21 F.3d 1508, 1511 (10th Cir.1994).

4. This right, however, is not absolute. The "presumption of access ... can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id. Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Sols., Inc.*, No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012).

5. The underlying complaint is a defamation per se and harassment action, in which the Plaintiff is being harassed on Twitter, by a nameless, faceless entity.

6. Jane Doe has used the Plaintiff's real name, place of business, and has been contacting not only the Plaintiff's wife but her co-workers.

7. Plaintiff's wife is a government employee with a security clearance, as is the co-worker whom Jane Doe has been harassing.

8. The tweets which Jane Doe has been tweeting contain defamatory allegations that the Plaintiff has been sexually harassing her 16 year old daughter via direct messages on twitter.

9. The Plaintiff has no contacted any children on twitter, let alone harassed them.

10. Jane Doe has contacted Plaintiff's wife's co-worker alleging that Plaintiff is going to rape the co-worker's daughter.

11. Since 09/20/2018, Jane Doe's account has tweeted 25 times about the Plaintiff.

12. Plaintiff believes that he knows the identity of Jane Doe, and does not want to name the Defendant without confirmation from twitter of the Jane Doe's IP address associated with the twitter account.

13. John Doe believes that the vitriol stems from John Doe's correction of Jane Doe's behavior, publicly.

14. John Doe is a practicing attorney in Denver, Colorado.

15. Jane Doe, upon information and belief, is a 2018 law school graduate.

16. Jane Doe tweeted that she had fee-shared with an attorney, which is a violation of the rules of professional conduct.

17. John Doe informed Jane Doe that someone with a pending bar admission should not publicly post about activities which are ethical violations.

18. That the rebuke would lead to the creation of a fake twitter account that purported that John Doe had been harassing Jane Doe's (imaginary) children is inconceivable.

19. Plaintiff files this motion as an emergency motion, as the complaint has a request for a preliminary injunction against Twitter and Jane Doe.

DATED: September 24, 2018

Respectfully submitted,
*/S Matthew W. Buck*
RED LAW
445 Broadway Suite 126
Denver, CO 80203
matt@red.law