IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

John Doe., Civil Action: No 18-cv-02427

Plaintiff,

v.

Jane Doe,

Defendant.

SECOND AMENDED COMPLAINT AND JURY DEMAND

## NATURE OF THE ACTION

1. This is an action under 28 U.S.C § 1332, alleging defamation per se against an unknown party attempting to injure the Plaintiff's reputation. As asserted with greater particularity below, the Plaintiff asserts two causes of action against the Defendant.

## JURISIDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C § 1332.
3. Plaintiff, his wife, and the Plaintiff's Wife's Coworker are all residents of Colorado.
4. Defendant sent harassing and defamatory tweets via the internet to residents of the forum state of this court.

## PARTIES

5. Plaintiff is a resident of Colorado
6. Defendant Jane Doe, upon information and belief, is a resident of Atlanta, Georgia or Los Angeles, CA.

## STATEMENT OF FACTS

7. Between September 20th, 2018, and September 26, 2018, the twitter account "WilliamWilma2" has made defamatory and harassing statements about the Plaintiff.
8. On September 21, 2018, Defendant tweeted the following:




[redacted] has now threatened my daughter and claimed he will use her pictures online. I have all the files. As a mother of 4 kids, this is up to me now. My daughters are all on #lawtwitter and I would like to be in the loop to see what the fuss is about.

4:59 PM - 21 Sep 2018

9. The Plaintiff has never communicated with the Defendant using this account, and has never contacted a minor on twitter. The plaintiff possesses no pictures of minors, and the statement is defamation per se.

10. The Defendant in addition to harassing the Plaintiff, has sent harassing messages to the Plaintiff's wife, as well as the Plaintiff's wife's co-worker, alleging that the Plaintiff is going to rape his own daughter, as well as the Plaintiff's Wife's Coworker's daughter.

11. On September 20, 2018, the Defendant tweeted the following:


Wilma @williamwilma2 · Sep 20
Replying to @LonlyStrbuxLovr
make sure your daughter stays away from [redacted] he is a rapist and will rape your daughter, probably his own too.

Wilma @williamwilma2 · Sep 20
Replying to @errorcoramnobis
his wife @clairibela doesnt give a fuck about the petulant disgusting asshole. she will realize after he fucks his daughter or @lonlystrbuxlovr kid [redacted] has to tell his kids and their friends he fucked a kid and went to jail and cant hang with them for the rest of his life.

12. The allegations made by Jane Doe are defamatory, false, and injurious.

13. The allegations made by Jane Doe constitute a crime, and therefore qualify as defamation per se under Colorado law.

14. Upon information and belief, Jane Doe is a resident of Georgia, the Plaintiff is seeking an amount of damages greater than $75,000, and therefore the case is properly filed in this court.

15. On September 24, 2018, the Plaintiff believes that Jane Doe sent the following email to him via his law firm's website:

**Name**

hello you

**Email**



**Comment or Message**

Hello you piece of shit. You should fuck off of twitter. Ill make sure I keep sending your tweets out to people on my account. I dont give a fuck that you're private and people cant see you. Ill make sure that they do. You're a piece of fucking shit and your wife will get mails of your bullshit. Good luck raising your daughters. I know you're bored so Ill make sure to keep this drama fueled.

16.

**FIRST CLAIM FOR RELIEF**

Defamation per se

17. Whether a statement is defamatory presents a legal issue for the Court to determine. *Gordon*, supra, 99 P.3d at 79; *Tonnessen*, supra, 5 P.3d at 963.

18. A claim of defamation per se requires that on its face and without extrinsic proof, the statement is unmistakably recognized as injurious and specifically directed toward the plaintiffs. *See Lininger v. Knight,* 123 Colo. 213, 226 P.2d 809 (1951); *Gordon, supra,* 99 P.3d at 78–79.

19. Here, the tweets posted by the Defendant name by the Plaintiff by name, there can be no mistake that they are intended to defame, and are intended to be as injurious as possible.

20. To determine defamation *per se,* the Court must examine the statement itself without the aid of inducements, colloquialisms, innuendoes or explanatory circumstances. *Arrington v. Palmer,*971 P.2d 669, 671 (Colo.App.1998).
21. A statement constitutes **defamation *per se*** if it imputes a criminal offense. *Id.*
22. Defamation *per s***e** is actionable without pleading or proof of special damages.
23. Here, the defendant alleges that the Plaintiff intended to commit a crime involving her (imaginary) minor children.
24. The defendant also alleges that the Plaintiff is going to commit both the rape of his own child, as well as another child.
25. The Plaintiff is not a public figure, and therefore there is no actual malice requirement intended.
26. The matter here is not a matter of public concern.
27. In Colorado, the "actual malice" standard of *New York Times Co. v. Sullivan,* 376 U.S. 254, 279, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) is extended to situations like the one under consideration here where "a defamatory statement has been published concerning one who is not a public official or a public figure, but the matter involved is of public or general concern." *Quigley v. Rosenthal* 327 F.3d 1044, 1058 (10th Cir.2003), *cert. denied,* 540 U.S. 1229, 124 S.Ct. 1507, 158 L.Ed.2d 172 (2004), citing to *Walker v. Colorado Springs Sun, Inc.,* 188 Colo. 86, 538 P.2d 450, 457 (1975) and *Diversified Mgmt., Inc. v. The Denver Post, Inc.,* 653 P.2d 1103, 1106 (Colo.1982). *Ramsey v. Fox News Network, L.L.C.*, 351 F. Supp. 2d 1145, 1148 (D. Colo. 2005)

## SECOND CLAIM FOR RELIEF

§ 18-9-111. Harassment--Kiana Arellano's law

28. The applicable Colorado State Harassment statute is as follows:

a.

1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she:

(b) In a public place directs obscene language or makes an obscene gesture to or at another person; or

(e) Directly or indirectly initiates communication with a person or directs language toward another person, anonymously or otherwise, by telephone, telephone network, data network, text message, instant message, computer, computer network, computer system, or other interactive electronic medium in a manner intended to **harass** or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone, computer, computer network, computer system, or other interactive electronic medium that is obscene; or

(h) Repeatedly insults, taunts, challenges, or makes communications in offensively coarse language to, another in a manner likely to provoke a violent or disorderly response.

(1.5) As used in this section, unless the context otherwise requires, “obscene” means a patently offensive description of ultimate sexual acts or solicitation to commit ultimate sexual acts, whether or not said ultimate sexual acts are normal or perverted, actual or simulated, including masturbation, cunnilingus, fellatio, anilingus, or excretory functions.

29. Here, the Defendant has in a public place, initiated via computer network with an intention to harass the Plaintiff, his wife, and his wife's co-worker.

30. The repeated insults and taunts used coarse language and are said in a manner likely to provoke a violent response.

31. After blocking the Defendant from contacting him on twitter, the Defendant contacted the Plaintiff through other means with the intent to harass, annoy, and alarm him.

**PRAYER FOR RELIEF**

32. WHEREFORE the Plaintiff respectfully requests that this court

    a. Grant a preliminary injunction enjoining Jane Doe from contacting the Plaintiff.

    b. Order defendant Jane Doe, once identified, to pay John Doe punitive damages for her malicious conduct, as described in the paragraphs above, in amounts to be determined at trial;

    c. Grant such other and further relief as the Court deems just, necessary, and proper in the public interest; and

    d. Award John Doe costs and applicable attorney's fees.

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED: October 16, 2018

Respectfully Submitted,
*/S Matthew W Buck*
RED LAW
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law