DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

John Doe.,                                                                   Civil Action: No 18-cv-02427

Plaintiff,

v.

Jane Doe,

Defendant.

_____

**MOTION FOR EARLY DISCOVERY PURSUANT TO FRCP 26**

1. Time is of the essence in this case as it relates to stored digital data by an as yet unnamed third party who Jane Doe contracts with to provide internet service to her.
2. Twitter's discovering to the Plaintiff of Jane Does IP address will necessitate another round of subpoenas on a third party, to discover the identity of the subscriber who posted the defamatory tweets.
3. Under Fed.R.Civ.P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. V. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo.2003*); Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).
4. In *Warner Bros. Records Inc. v. Does 1-20*, the court holds that Warner Brothers established good cause by showing that "ISPs such as Qwest typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs." *Warner Bros. Records Inc. v. Does 1-20*, No. CIV. 07-CV01131LTBMJ, 2007 WL 1655365, at *1 (D. Colo. June 5, 2007).
5. Here, Plaintiff seeks identical data, subscriber information related to IP addresses solely possessed by Twitter, and being retained by an unknown ISP.

6. Unlike the Plaintiffs in Warner Brothers, Plaintiff in the instant case is one step behind, as he must first obtain IP addresses from Twitter, before he can go about identifying the offending party.

7. In *Warner Brothers* the court ordered that immediate discovery was able to begin for the limited purposes of identifying "information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address" and that third party Qwest could move to quash the subpoena, it must do so within ten (10) days of being served with it." *Warner Bros. Records Inc. v. Does 1-20*, No. CIV. 07-CV01131LTBMJ, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007).

8. Here, Twitter has admitted service of the subpoena, has had a copy of the subpoena since October 9th, and has not filed a motion to quash.

9. Twitter has agreed to comply with the subpoena once this court grants an order for early discovery.

10. Therefore, Plaintiffs requests that an order be issued, and Twitter be ordered to immediately comply with the most recent subpoena.

WHEREFORE, the Plaintiff requests that this honorable court issue an order granting the issuance of a Rule 45 subpoena on Twitter, Inc.

DATED: October 24, 2018

RESPECTFULLY SUBMITTED,
/S Matthew W Buck
RED LAW
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law

## **CERTIFICATE OF SERVICE**

     I, Matthew W. Buck, hereby certify that I served a copy of the foregoing on all parties via ECF, and to Twitter, Inc. via e-mail as Plaintiff's counsel and Twitter's counsel have been exchanging documents via e-mail.

*/S Matthew W Buck*
