DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

John Doe.,                              Civil Action: No 18-cv-02427

Plaintiff,

v.

Jane Doe,

Defendant.

_____

MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FRCP 37(b)

The matter before this court is time sensitive, as the nature of computer storage is that while voluminous, it is not unlimited. The actions before this court occurred more than 30 days ago, and it is likely that further delays can lead to the deletion of properly subpoenaed information that forms the basis of this lawsuit. This forthwith motion follows:

**Charter Receives Plaintiff's Properly Served Subpoenas, Motion, and this Court's Order**

1. On October 10, 2018, Plaintiff served Charter Communications with ECF document number 17, a motion to compel production of subscriber data, pursuant to an earlier subpoena, which had been served on Charter per their preferred method, email, on September 25, 2018.
2. Charter's response, in writing, to the subpoena was that they could not release subscriber data without a court order.
3. This court granted the motion docketed at ECF 17, on October 30, 2018.
4. Plaintiff, through Charter's law enforcement e-mail system, provided Charter with a copy of the ECF notice that the motion had been granted on October 30, 2018.
5. On October 31, 2018, Charter's representative from the internal legal department, via telephone, confirmed to Plaintiff's counsel receipt of the order and informed Plaintiff's counsel that they would comply with the order on October 31, 2018, or November 1, 2018.
6. On November 1, 2018, Charter's internal legal department representative telephoned Plaintiff's counsel and informed them that they would not comply with the order.  Specifically, she explained that pursuant to Charter's policy, they

wouldprovide a 14-day waiting period for the subscriber to potentially file a motion to quash the subpoena and motion.

7. Plaintiff's counsel informed Charter that their notification period, pursuant to Section 631 of the Communications Act of 1934 (codified at 47 U.S.C. § 551) had been 14 days from service of the motion to compel, on October 10, 2018.

8. Charter's paralegal Tammy Deloach, laughed at Plaintiff's counsel and informed counsel that she did not care and that Charter's policy superseded this court's order.

9. Plaintiff's counsel informed Charter, that in fact, this court's order superseded any of Charter's internal policies.

10. Deloach again laughed at Plaintiff's counsel and informed him that Charter would adhere to its internal policies over this court's order.

11. Plaintiff's counsel asked Deloach who her supervising attorney was, and Deloach informed counsel that the attorney's name was Elfin Noce.

12. Mr. Noce is not licensed to practice before this court, and is a Missouri licensed attorney, who began practicing in 2005.

13. Plaintiff's counsel asked Ms. Deloach to inform Mr. Noce that this motion would be filed if she failed to comply with this court's order, to which Ms. Deloach laughed at Plaintiff's counsel and informed counsel that she would let him know.

14. A signed affidavit attesting to these claims is attached to this motion for sanctions.

**Charter's Refusal to Comply with This Court's Order is Sanctionable**

15. Charter's knowing disregard of this Court's Order, and farcical explanation as to why this would be permissible, necessitate a sanctions award for Plaintiff for the attorneys' fees expended pursuing this information.

16. Sanctions available for failing to comply with discovery order are predicated on presence of such factors as willful disobedience, gross indifference to right of adverse party, deliberate carelessness, or gross negligence and are not predicated on party's failure to satisfy fully requirements of production order when failure was due to inability fostered neither by party's conduct nor by circumstances within party's control.  *Dorsey v. Academy Moving & Storage, Inc.*, C.A.5 (Fla.) 1970, 423 F.2d 858.

17. Here, Charter was on notice that a motion had been filed against them on October 10, 2018. In fact, Charter employee Melissa Pieper, signed for the motion at 11:43am, on October 10, 2018.

18. Prior to the Motion being filed, Charter was already on notice of the nature and need for the subpoenaed information as of September 24, 2018.

19. As the basis of, and further evidence substantiating, this lawsuit is potentially contained in ephemeral messaging, there is no ability for Charter to cure the defect of ignoring this Court's order, as time is of the essence.

20. To allow Charter to ignore court orders is deeply prejudicial to the Plaintiff, and disrespectful to this court. It's also potentially fatal to this litigation.

21. Failure to ensure Charter's prompt response to discovery order in this instance will incentivize Charter to willfully disobey any future court orders, as Plaintiff

anticipates multiple additional subpoenas to be served on Charter as the factual basis develops.

22. The disrespectful attitude of Deloach towards Plaintiff's counsel indicates bad faith towards this court's authority, and the authority of counsel as a licensed member of this bar, to directly relevant subpoena information as necessary.

23. Plaintiff's counsel has never been treated as disrespectfully in handling hundreds of court cases in his career, and thousands of contacts with opposing counsel.

24. Plaintiff's counsel has never filed a motion for sanctions, nor been subjected to such bad faith or disrespect as Charter displayed here.

**The Only Appropriate Remedy For Charter's Conduct is Monetary Sanctions**

25. Here, Charter's violation is willful. Charter acts as if they are immune to the powers vested in this court and in Plaintiff's counsel as a member of this courts bar, and that the only remedy, given that this court has already ordered disclosure, is monetary sanctions.

26. In awarding monetary sanctions, such as attorneys' fees, Defense counsel's declarations and affidavits, without additional evidence, were sufficiently detailed to support award of attorney fees as discovery sanction; documents disclosed nature of services rendered in connection with unsuccessful efforts to obtain discovery, amount of attorney time consumed, and rates at which time was billed to client.  *Henry v. Gill Industries*, Inc., C.A.9 (Ariz.) 1993, 983 F.2d 943.

27. Although fee application must contain sufficiently detailed information about hours logged and work done to permit district court to make independent determination of whether hours claimed are justified, application need not

present exact number of minutes spent, precise activity to which each hour was devoted, or specific attainments of each attorney. *Cobell v. Norton*, D.D.C.2002, 231 F.Supp.2d 295.

28. Plaintiff's counsel spent 1 hour researching and writing the brief motion for an order to disclose.
29. Plaintiff's counsel spent 1 hour researching and writing this brief motion for sanctions.
30. Plaintiff's counsel has practiced before this court since 2011, and bills at a rate of $400.00/hr.
31. Plaintiff's counsel asks this court for an order for sanctions personally against Tammy Deloach for $800.00, asks that the court order that the sanctions be paid by Ms. Deloach personally, not by Charter, and not by her supervising attorney.
32. Plaintiff's counsel additionally requests an order for sanctions for $800.00 against Mr. Noce, as he is supervisory attorney for Ms. Deloach.
33. As Plaintiff's counsel is pro se, he does not believe that the sanctions can appropriately be paid to Plaintiff's counsel, and asks that the sanctions be ordered to be paid to Maxfund, a no-kill animal shelter in Denver, Colorado.
34. Maxfund's address is 720 W 10th Ave, Denver, CO 80204.

WHEREFORE, Plaintiff requests that this court order sanctions in the above requested amounts, and an order for compliance with this court's previous order.

DATED: November 1, 2018.

RESPECTFULLY SUBMITTED,
*/S Matthew W Buck*
RED LAW LLC
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law

## **CERTIFICATE OF SERVICE**

I, Matthew W Buck, hereby certify that I served a copy of the foregoing on Charter and its agents via their LEROC@charter.com email address, and via the court's ECF filing system upon other interested parties.

*/S Matthew W Buck*