IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02427-RBJ

JOHN DOE,

    Plaintiff,

v.

JANE DOE,

    Defendant.

_____

**CHARTER COMMUNICATIONS RESPONSE IN OBJECTION TO PLAINTIFF JOHN DOE'S MOTION FOR DISCOVERY SANCTIONS**
_____

COMES NOW, Charter Communications by and through the undersigned, Rachel T. Jennings of White and Steele, P.C., and hereby submits the following Response in Objection to Plaintiff John Doe's Motion for Discovery Sanctions, and in support thereof states as follows:

## I.    INTRODUCTION

Plaintiff's Motion for Sanctions Pursuant to Fed R. Civ P. 37 is without basis, misconstrues the facts and laws applicable to the underlying Doe v. Doe lawsuit. Plaintiff's Motion for a Court Order to Disclose Records was granted on October 30, 2018, requiring Charter Communications to produce subscriber information related to a particular IP address. *See*, **Motion for a Court Order to Disclose Records**, John Doe v. Jane Doe, No. 18-cv-02427 (D. Colo. October 30, 2018). Charter provided notice to the subscriber whose information was requested on November 1, 2018, on the same day that Plaintiff filed the present Motion for

Discovery Sanctions Pursuant to FRCP 37(b).  **Exhibit A,** Notice to Subscriber of Court Order; **Minute Order,** John Doe v. Jane Doe, No. 18-cv-02427 (D. Colo. November 1, 2018). Pursuant to The Cable Communications Policy Act, 47 USC § 551(C)(2)(b) (2018), Charter is not permitted to respond to subpoenas for such information without 1) a court order; and 2) notice of the order being provided to the subscriber.  Charter allows its subscribers 14 days from the date of notice of the court order to contest the order with the appropriate court of law.  *See,* **Exhibit A.**  Without the opportunity for the subscriber to contest the order, notice would be meaningless and opposite of the intention of the statute.  By complying with the statute's language and intent, Charter's conduct in delaying production of the requested information does not meet the high bar for imposing sanctions of any form on Charter at this time.

## II.     LEGAL ARGUMENT

### A. Fed. R. Civ. P. 37 Does Not Apply to Charter in this Matter

Charter first draws this Court's attention to Plaintiff's misuse of Fed R. Civ. P. 37 to impose sanctions on a nonparty in this matter. Fed. R. Civ. P. 37(b)(2)(A) provides "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." (emphasis added).  The rule has no application to nonparties not designated pursuant to Fed. R. Civ. P. 30 or 31(a)(4).  Therefore, the cases cited by Plaintiff in his Motion similarly have no

application to Charter in this matter. At most, the procedure set forth in Fed R. Civ. P. 45(g) regarding contempt would apply to Charter, but only if it was actually violating this Court's Order, and had not provided an adequate excuse for the delay in production. However, Plaintiff has not asserted Charter's conduct constitutes such contempt.

**B.     Charter's Conduct Does Not Warrant Sanctions of Any Kind**

Regardless of the appropriate rule Plaintiff should have applied in this instance, the reasons for which Plaintiff seeks sanctions under any rule of civil procedure are insufficient to justify monetary or other forms of sanctions imposed on Charter.

1. Charter has not refused to comply with this Court's Order.

Plaintiff first asserts that sanctions are proper here due to Charter's refusal to comply with the Order. Charter is not refusing to comply with this Court's Order but is rather complying with the Order while also complying with the provisions of 47 USC § 551 (2018). The statute provides, in relevant part

> (1) Except as provided in paragraph (2), a cable operator <u>shall not disclose personally identifiable information concerning any subscriber</u> without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
>
> (2)   A cable operator may disclose such information if the disclosure is…
>
> (B)   subject to subsection (h), <u>made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed</u>…

(emphasis added).

As a provider of cable and internet services, Charter is bound by the provisions of this statute, and a violation of same could subject Charter to subsequent litigation and penalties. Although Charter was aware of Plaintiff's subpoena prior to Plaintiff's Motion for a Court Order, to comply with the provisions of 47 USC §551, Charter had no choice but to wait for a court order to properly notify its customer of the potential disclosure. Furthermore, neither Plaintiff's Motion for a Court Order, nor this Court's Order regarding same included a date by which Charter was required to produce the requested information. In no way has Charter indicated that it outright refuses to produce its subscriber's information, or otherwise violate the subject Order. Charter is merely taking sufficient time to ensure that prior to production, it has satisfied the requirements of the Cable Communications Policy Act. In fact, Charter's initial communication to Plaintiff's counsel offered to produce the requested information once Plaintiff obtained either a) an authorization directly from the subscriber; or b) a consent order from the appropriate court. *See,* **Exhibit B**, Objection Letter to Plaintiff and Sample Documents. Charter even went so far as to provide Plaintiff with both a consent authorization form and a proposed consent order to file with a court of law. *See,* **Exhibit B.** Instead, Plaintiff opted to undergo the time and expense to file an unnecessary Motion for a Court Order to Disclose Records and subsequent Motion for Discovery Sanctions.

Plaintiff goes on to argue that sanctions are the only appropriate remedy because "time is of the essence." *See*, Plaintiff's Motion for Discovery Sanctions, ¶ 19. Charter has already preserved the information sought by Plaintiff in this matter. **Exhibit C**, Affidavit of Tammy Deloach, ¶ 10. Therefore, time is not of the essence as the data sought from Charter is not "ephemeral" as asserted by Plaintiff. A slight delay in production of the data will not prejudice

Plaintiff in his pursuit of the underlying matter.  This is especially true given that in Plaintiff's Motion for a Court Order, Plaintiff includes the email communication on which this suit is based.  *See*, **Plaintiff's Motion for a Court Order**, p. 2.  Therefore, no danger exists that the delayed production of Charter's subscriber's information will render the communication on which this suit is based to disappear – that communication is already preserved by Plaintiff.

Furthermore, the 14 days since Charter's notice of the potential disclosure to its subscriber will expire on November 15, 2018.  **Exhibit A.**  Assuming the subscriber does not object - and at the time of this Response, no objection has been received - compliance with this Court's Order will have already taken place before Plaintiff's reply in support of this Motion is even due.

Finally, Plaintiff argues that sanctions are appropriate because Charter Paralegal, Tammy Deloach, exhibited a "disrespectful attitude" towards Plaintiff's counsel when he called to discuss the subpoena and Order, and therefore indicates their response to this Court's Order was willful and made in bad faith.  *See*, **Plaintiff's Motion for Discovery Sanctions**, ¶ 22-25.  Charter does not wish to engage in "he said she said" arguments; however, it must be noted that Plaintiff's counsel blatantly misstates the interaction between he and Ms. Deloach.  Ms. Deloach, as stated in her affidavit attached hereto as **Exhibit C**, communicated to Plaintiff's counsel that despite this Court's Order, the information could not be produced to him until notice was provided of the Order to Charter's subscriber.  **Exhibit C**, Deloach Affidavit, ¶ 7.  In response, Plaintiff's counsel was aggressive with Ms. Deloach, and began making threats regarding sanctions against her personally, to which Ms. Deloach responded with involuntary nervous laughter.  **Exhibit C**, ¶ 8.  However, Ms. Deloach's conduct was not unethical or inappropriate

and certainly does not warrant the imposition of sanctions against Ms. Deloach personally, or against Charter. **Exhibit C**, ¶ 8. At no point did Plaintiff's counsel request to speak with Ms. Deloach's supervising attorney or request their contact information. **Exhibit C,** ¶ 9. Charter suspects this dispute could have been resolved had Plaintiff's counsel complied with his duty to confer pursuant to D.C Colo.LCivR 7.1(a) and followed up with Charter's in house attorney, Elfin Noce.[1] Had he done so, the two attorneys would have had an opportunity to further discuss the requested information and likely avoid the time and expense associated with the present unsubstantiated motion for sanctions.

### III. CONCLUSION

Sanctions against Charter Communications are not appropriate or necessary in this matter, as Plaintiff is in no way prejudiced by Charter's conduct. Plaintiff's counsel acted prematurely in seeking sanctions, to the extent that he did not even apply the correct standard or rule to impose sanctions, nor did he make good faith efforts to confer with Counsel for Charter as to the production of the requested information or the filing of the present Motion. Plaintiff has not and will not in the near future suffer any harm or prejudice due to Charter's compliance with the Cable Communications Policy Act in conjunction with the Order.

WHEREFORE, Charter Communications respectfully request this Court enter an order denying Plaintiff's Motion for Discovery Sanctions Pursuant to FRCP 37(b), and for any other relief as this Court deems appropriate.

---

[1] Charter is aware this rule refers to conferral between parties or unrepresented parties, but the intent of the rule is to encourage litigants to act in good faith to resolve issues prior to bringing them to the Court's attention. It is clear from Plaintiff's own motion and affidavit that he failed to do so in this instance.

Respectfully submitted this 12th day of November, 2018.

s/Rachel T. Jennings
Rachel T. Jennings
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:  303-296-2828
Facsimile:   303-296-3131
Email:        rjennings@wsteele.com
Attorneys for Charter Communications

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2018, I electronically filed the foregoing, **CHARTER COMMUNICATIONS RESPONSE IN OBJECTION TO PLAINTIFF JOHN DOE'S MOTION FOR DISCOVERY SANCTIONS**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses and/or placed in the U.S. mail, postage prepaid, and/or sent via email addressed to the following:

Matthew William Buck, Esq.
Red Law
445 Broadway, Suite 126
Denver, CO 80203
Email:  matt@red.law

s/Jodi R. Derrera-Guffey
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:  303-296-2828
Facsimile:   303-296-3131