IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

John Doe.,  
Plaintiff,

Civil Action: No 18-cv-02427

v.

Jane Doe,

Defendant.

_____

MOTION TO PRODUCE SUBPOANAED DOCUMENTS

1. Counsel for the Plaintiff subpoenaed Sprint Communications for Jane Doe's Cellular telephone records on November 2, 2018. (See Attached).
2. Feeling benevolent as to the plight of subpoena response employees, Plaintiff gave Sprint until November 23, 2018 to respond to his subpoena.
3. On November 5, 2018, Sprint responded via e-mail that they were in receipt of the subpoena, and sent along a general list of objections to all subpoenas.
4. On November 21, 2018, Sprint sent a more specific response to the subpoena, objecting on the following grounds:
    a. The legal demand is not signed.
    b. Please be advised California Law requires that a customer provide notarized written consent before his/her telephone records are produced in response to a civil subpoena. California Public Utility Code s2891; CA CCP 1985.3. No records will be provided until the required documentation is received. The target phone number 213-220-1784 belongs to a resident in California.
5. Sprint Corporate Counsel reached out to Plaintiff's counsel explaining that there was a circuit split as whether the California Public Utility Code superseded Rule 45[1], but that he would provide the records for the court to provide to counsel.
6. Counsel for Sprint said to Plaintiff's counsel "As we have done in other requests similar to yours, in lieu of litigating the matter, we can send the records to the court. Our reading of Cal PUC allows us to send the records to the court as they

---

[1] Both cases that Sprint's counsel provided are California Federal Cases, involving all CA residents – here the case is a CO case, and John Doe is a CO resident.

are not a "corporation or other person". If you choose to have the records sent to the court, we will FedEx them to the court address you provide. We will provide you with the appropriate tracking number for the records." (See attached)

7. The records were received by the courthouse on November 28, 2018, and signed for by Colin Madrid. (See attached, though the signature says M. MADRID).

8. Mr. Madrid informed Plaintiff's counsel that this honorable court may not have the records as they were "not docketed" and that Plaintiff's counsel may not have them either.

9. This action caused Plaintiff's counsel to perform the "shrugging emoji" and this motion now follows.

WHEREFORE, Plaintiff requests that this court orders Mr. Madrid to provide the records to Plaintiff's counsel immediately.

DATED: November 29, 2018

/S Matthew W Buck
RED LAW
445 Broadway Suite 126
Denver, CO 80203
matt@red.law
720-771-4511