IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

Matthew Buck.,                                                             Civil Action: No 18-cv-02427

Plaintiff,

v.

**BORA SONG**,

And

**HYE SONG**

Defendants.

_____

THIRD AMENDED COMPLAINT AND JURY DEMAND

1

## NATURE OF THE ACTION

1. This is an action under 28 U.S.C § 1332, alleging defamation per se against an unknown party attempting to injure the Plaintiff's reputation. As asserted with greater particularity below, the Plaintiff asserts two causes of action against the Defendant.

## JURISIDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C § 1332.
3. Plaintiff, his wife, and the Plaintiff's Wife's Coworker are all residents of Colorado.
4. Defendant sent harassing and defamatory tweets via the internet to residents of the forum state of this court.

## PARTIES

5. Plaintiff is a resident of Colorado
6. Defendant Bora Song is a graduate of Emory Law School, a former LA County Public Defender Intern, and a resident of Los Angeles, CA.
7. Defendant Hye Song is a resident of Los Angeles, CA.

## STATEMENT OF FACTS

8. Between September 20th, 2018, and September 26, 2018, the twitter account "WilliamWilma2" has made defamatory and harassing statements about the Plaintiff.
9. On September 21, 2018, Defendant tweeted the following:



**Wilma**
@williamwilma2

███████ has now threatened my daughter and claimed he will use her pictures online. I have all the files. As a mother of 4 kids, this is up to me now. My daughters are all on #lawtwitter and I would like to be in the loop to see what the fuss is about.

4:59 PM - 21 Sep 2018

10. The Plaintiff has never communicated with the Defendants using this account, and has never contacted a minor on twitter. The plaintiff possesses no pictures of minors, and the statement is defamation per se.

11. The Defendants in addition to harassing the Plaintiff, has sent harassing messages to the Plaintiff's wife, as well as the Plaintiff's wife's co-worker, alleging that the Plaintiff is going to rape his own daughter, as well as the Plaintiff's Wife's Coworker's daughter.

12. On September 20, 2018, the Defendants tweeted the following:



13. On September 24, 2018, after the Plaintiff made his Twitter private in an attempt to limit harassment by Bora and Hye Song, the Defendants emailed the following to the Plaintiff:

14. "Hello you piece of shit. You should fuck off of twitter. Ill make sure I keep sending your tweets out to people on my account. I dont give a fuck that you're private and people cant see you. Ill make sure that they do. You're a piece of fucking shit and your wife will get mails of your bullshit. Good luck raising your daughters. I know you're bored so Ill make sure to keep this drama fueled."

15. Because Bora and Hye Song contacted the Plaintiff through his website, the Plaintiff was able to track the e-mail to the IP address of 172.118.193.100.

16. This IP address is owned by Charter communications, and pointed to a Los Angeles residence

17. On September

4

18. *Every transfer of information over the Internet must include the capture of the IP address. Some examples of automatic logging are: visiting a web site, sending or receiving e-mail, using a chat room, or reading and posting to newsgroups. A common situation that causes IP addresses to be distributed to a third party is when visiting a web site* **and** *that site participates in banner ad networks where the ads are served from a third party site. This third party site retrieves the IP address when it sends the ad. This information is used to measure the number of ad views and calculate click-through rates. IP Address: Your Internet Identity, retrieved from https://www.ntia.doc.gov/legacy/ntiahome/privacy/files/smith.htm on November 4, 2018.*

19. Computers connected to the Internet must speak the "Internet language" called the "Internet Protocol" or simply "IP." Each computer is assigned a unique address somewhat similar to a street address or telephone number. Under the current system there are four numbers that range from 0 to 255 (Example: 206.156.18.122). Every computer, whether it functions as a web site, is being used by a web surfer, is a mail server, and/or is used for any other function, has an IP address so it can communicate across the Internet. Communication is accomplished by sending pieces of information called "packets" that include the IP address of the destination computer. *Id.*

20. Pursuant to that information, the Plaintiff Subpoenaed Charter on October 9, 2018.

21. On October 30, 2018, this court granted an order for Charter to disclose the billing and identifying information of the owner of the Charter IP address.

22. The Plaintiff subpoenaed Twitter, Inc. related to the account posting defamatory tweets WilliamWilma2, and Bora Song's personal twitter account irl_idgaf.

23. The information discovered to the Plaintiff by Twitter also contains the 172.118.1893.100 IP address.

24. The WilliamWilma2 twitter account, which posted defamatory, false, tweets about the Plaintiff logged in from that IP account on 9 occasions from September 16, 2018 through September 24, 2018 – including on September 24, 2018 at 4:51am, PST, less than 5 hours later than the time that the same IP address sent a harassing e-mail to the Plaintiff through his website address.

25. The irl_idgaf account logged in from the 172.118.193.100 on more than 20 occasions from September 16 through September 24, 2018, including on September 24, 2018 at 5:47pm, PST, 5 hours prior to that IP address being used to e-mail the Plaintiff at his website.

26. The information also informed the Plaintiff that the irl_idgaf account was registered with an associated phone number of 1-213-220-1784.

27. Sprint owns the 1-213-220-1784 and the phone number is associated with Bora Song, Emory Law School 2018 graduate, who resides in Los Angeles, CA.

28. Bora Songs phone has a unique set IP addresses, owned by Sprint PCS, Inc. 99.203.XXX.XXX, the XXX representing a random series of numbers which each phone obtains from Sprint's DHCP server.

29. The WilliamWilma2 account, owned by Bora Song, accessed Twitter's served with a Sprint IP address four times in the September time period that the account existed.

30. On September 17, 2018 at 6:40pm, PST, the WilliamWilma2 account accessed Twitter from 99.203.11.87.

31. On September 17, 2018 at 6:49pm, PST, the irl_idgaf account owned by Bora Song accessed Twitter from 99.203.11.87.

32. On September 17, 2018 at 8:40pm, PST, the WilliamWilma2 account owned by Bora Song accessed Twitter from 99.203.11.125.

33. On September 17, at 8:30pm, PST, the irl_idgaf account owned by Bora Song accessed Twitter from 99.203.11.125.

34. Song's WilliamWilma2 account posted specifically inflammatory, false, and defamatory tweets alleging that the Plaintiff was sending messages to her 16 year old daughter, threatening her 16-year-old daughter, and was a mother of 4 children on September 23, 2018 from the IP address 172.118.193.100.

35. The irl_idgaf account logged into twitter from the same IP address on September 23, 2018 as well.

36. Song is 25 year's old, and would have had her 16-year-old daughter at age 9, if the daughter was not a fictitious character.

37. The Defendant Bora Song also accessed the account she created to defame and harass the Plaintiff while employed by the LA County Public Defender's office as an intern, where she was employed from August 13, 2018 to October 26, 2018.

38. The allegations made by Bora and Hye Song are defamatory, false, and injurious.

39. The allegations made by Bora and Hye Song constitute a crime, and therefore qualify as defamation per se under Colorado law.

40. Bora and Hye Song are residents of Los Angeles, California, the Plaintiff is seeking an amount of damages greater than $75,000, and therefore the case is properly filed in this court.

## **FIRST CLAIM FOR RELIEF**

*(Defamation per se)*

41. Whether a statement is defamatory presents a legal issue for the Court to determine. *Gordon*, supra, 99 P.3d at 79; *Tonnessen*, supra, 5 P.3d at 963.
42. A claim of defamation per se requires that on its face and without extrinsic proof, the statement is unmistakably recognized as injurious and specifically directed toward the plaintiffs. *See Lininger v. Knight,* 123 Colo. 213, 226 P.2d 809 (1951); *Gordon, supra,* 99 P.3d at 78–79.
43. Here, the tweets posted by Bora and Hye Song name by the Plaintiff by name, there can be no mistake that they are intended to defame, and are intended to be as injurious as possible.
44. To determine defamation *per se,* the Court must examine the statement itself without the aid of inducements, colloquialisms, innuendoes or explanatory circumstances. *Arrington v. Palmer,* 971 P.2d 669, 671 (Colo.App.1998).
45. A statement constitutes *defamation per se* if it imputes a criminal offense. *Id.*
46. *Defamation per se* is actionable without pleading or proof of special damages.
47. Here, the defendants allege that the Plaintiff intended to commit a crime involving her (imaginary) minor children.
48. The defendants also allege that the Plaintiff is going to commit both the rape of his own child, as well as another child.

49. The Plaintiff is not a public figure, and therefore there is no actual malice requirement intended.

50. The matter here is not a matter of public concern.

51. In Colorado, the "actual malice" standard of *New York Times Co. v. Sullivan*[1] is extended to situations like the one under consideration here where "a defamatory statement has been published concerning one who is not a public official or a public figure, but the matter involved is of public or general concern." *Quigley v. Rosenthal* 327 F.3d 1044, 1058 (10th Cir.2003), *cert. denied,* 540 U.S. 1229, 124 S.Ct. 1507, 158 L.Ed.2d 172 (2004), citing to *Walker v. Colorado Springs Sun, Inc.,* 188 Colo. 86, 538 P.2d 450, 457 (1975) and *Diversified Mgmt., Inc. v. The Denver Post, Inc.,* 653 P.2d 1103, 1106 (Colo.1982). *Ramsey v. Fox News Network, L.L.C.*, 351 F. Supp. 2d 1145, 1148 (D. Colo. 2005)

## SECOND CLAIM FOR RELIEF

*(§ 18-9-111. Harassment--Kiana Arellano's law)*

52.  The applicable Colorado State Harassment statute is as follows:

1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she:

 (b) In a public place directs obscene language or makes an obscene gesture to or at another person; or

 (e) Directly or indirectly initiates communication with a person or directs language toward another person, anonymously or otherwise, by telephone, telephone network,

---

[1] 376 U.S. 254, 279, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)

data network, text message, instant message, computer, computer network, computer system, or other interactive electronic medium in a manner intended to **harass** or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone, computer, computer network, computer system, or other interactive electronic medium that is obscene; or

(h) Repeatedly insults, taunts, challenges, or makes communications in offensively coarse language to, another in a manner likely to provoke a violent or disorderly response.

(1.5) As used in this section, unless the context otherwise requires, "obscene" means a patently offensive description of ultimate sexual acts or solicitation to commit ultimate sexual acts, whether or not said ultimate sexual acts are normal or perverted, actual or simulated, including masturbation, cunnilingus, fellatio, anilingus, or excretory functions.

53. Here, the Defendants have, in a public place, initiated via computer network with an intention to harass the Plaintiff, his wife, and his wife's co-worker.

54. The repeated insults and taunts used coarse language and are said in a manner likely to provoke a violent response.

## PRAYER FOR RELIEF

55. WHEREFORE the Plaintiff respectfully requests that this court
    a. Grant a preliminary injunction enjoining Hye and Bora Song from contacting the Plaintiff.

   b. Order defendants Hye and Bora Song, to pay John Doe punitive damages for their malicious conduct, as described in the paragraphs above, in amounts to be determined at trial;

   c. Grant such other and further relief as the Court deems just, necessary, and proper in the public interest; and

   d. Award John Doe costs and applicable attorney's fees.

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED: December 12, 2018

Respectfully Submitted,
*/S Matthew W Buck*
RED LAW
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law