IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

Matthew Buck.,

Plaintiff,

v.

**BORA SONG**,

And

**HYE SONG**

Defendants.

_____

Civil Action: No 18-cv-02427

THIRD AMENDED COMPLAINT AND JURY DEMAND

1

## NATURE OF THE ACTION

1. This is an action under 28 U.S.C § 1332, alleging defamation per se against Bora Song or Hye Song, either or both of which attempted to injure the Plaintiff's reputation. As asserted with greater particularity below, the Plaintiff asserts two causes of action against the Defendants.

## PARTIES

2. Plaintiff Matthew Buck is a resident and citizen of Colorado.

3. Defendant Bora Song is a citizen and resident of California.

4. Defendant Hye Song is a resident of Los Angeles, CA.

## JURISIDICTION AND VENUE

5. This Court has subject matter jurisdiction of this matter under 28 U.S.C § 1332 because there is complete diversity of the parties and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

6. Defendants are subject to personal jurisdiction in this Court through the Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, because they have committed tortious acts within Colorado. Specifically, Defendants have intentionally and purposefully sent harassing and defamatory tweets and messages via the internet to residents of the forum state of this court, including Plaintiff's wife a Co-Worker of Plaintiff's wife.

7. Venus in this court is proper under 28 U.S.C § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## STATEMENT OF FACTS

### The Defendants Target Plaintiff with Harassing, Shocking Accusations

8. On or about September 20, 2018, Defendants registered a Twitter account with the username "WilliamWilma2."

9. Between September 20, 2018, and September 26, 2018, Defendants used the WilliamWilma2 account to make untrue, defamatory, and harassing statements about the Plaintiff.

10. On September 21, 2018, Defendants published the following Twitter message (identifying information redacted):





11. The Plaintiff has never communicated with the Defendants using this account, and has never knowingly or intentionally contacted a minor on Twitter. The

Plaintiff possesses no pictures of minors, and has never made any type of threat or claim regarding the alleged pictures.

12. During the same time period, Defendants also sent harassing messages and tweets to the Plaintiff's wife, as well as a Co-Worker of Plaintiff's wife. These messages and tweets publicly alleged that the Plaintiff would rape or already had raped his own young daughters, as well as the Co-Worker's daughter.

13. These tweets represent mere examples of the multiple pages of false accusations and allegations regarding Plaintiff. In fact, on September 20, 2018, the Defendants tweeted the following (identifying information redacted):



14. On September 24, 2018, after the Plaintiff made his Twitter account private in an attempt to limit harassment by Defendants. The same day, Defendants emailed the following to the Plaintiff via his law firm's website, which provides that the Plaintiff lives and practices in Denver, Colorado:

> Hello you piece of shit. You should fuck off of twitter. Ill make sure I keep sending your tweets out to people on my account. I dont give a fuck that you're private and people cant see you. Ill make sure that they do. You're a piece of fucking shit and your wife will get mails of your bullshit. Good luck raising your daughters. I know you're bored so Ill make sure to keep this drama fueled.

**The Defendants Are Unmasked**

15. Computers connected to the Internet must speak the "Internet language" called the "Internet Protocol" or simply "IP." Each computer is assigned a unique address somewhat similar to a street address or telephone number. Under the current system there are four numbers that range from 0 to 255 (Example: 206.156.18.122). Every computer, whether it functions as a web site, is being used by a web surfer, is a mail server, and/or is used for any other function, has an IP address so it can communicate across the Internet. Communication is accomplished by sending pieces of information called "packets" that include the IP address of the destination computer.

16. Because Bora and Hye Song contacted the Plaintiff through his law firm's website, Plaintiff was able to determine that the e-mail was sent from the IP address of 172.118.193.100. Plaintiff used an IP look-up table to determine that this IP address was associated with Charter Communications. Pursuant to that information, the Plaintiff Subpoenaed Charter Communications on October 9, 2018.

17. On October 30, 2018, this court granted an order for Charter to disclose the billing and identifying information of the owner of the Charter IP address.

18. On [DATE], Charter responded to Plaintiff's Subpoena with information that showed that IP address 172.118.193.100 was associated with an account registered to Hye Song.

19. Plaintiff subpoenaed Twitter, Inc. on [DATE] for information regarding the registration details and IP addresses which had logged into the account posting defamatory tweets WilliamWilma2, and Bora Song's personal twitter account irl_idgaf.

20. Pursuant to the subpoena, Twitter produced information showing that both Bora Song's personal twitter account and the WilliamWilma2 account were repeatedly logged into from the same IP address: 172.118.193.100.

21. The WilliamWilma2 twitter account was logged into from 172.118.193.100 on 9 occasions from September 16, 2018, through September 24, 2018 – including on September 24, 2018 at 4:51am, PST. This was less than 5 hours after the same IP address was used to send the harassing e-mail to the Plaintiff through his website.

22. The irl_idgaf account logged in from the 172.118.193.100 on more than 20 occasions from September 16 through September 24, 2018, including on September 24, 2018 at 5:47pm, PST. This occurred within an hour of the same IP address logging into the WilliamWilma2 account.

23. Twitter's subpoena response also showed that the irl_idgaf account was registered with an associated phone number of 213-220-1784.

24. Plaintiff was able to determine that 213-220-1784 is a phone number associated with Sprint PCS, Inc.. Based upon this information, Plaintiff issued a

subpoena to Sprint on [DATE] for information regarding the subscriber of 213-220-1784 and IP addresses associated with the account.

25. In response to the subpoena, Sprint provided subscriber information showing that 213-220-1784 is associated with Bora Song, Emory Law School 2018 graduate, who resides in Los Angeles, California.

26. While in use on Sprint's network, Bora Song's phone is assigned a session IP address obtained from Sprint's DHCP server. The assigned session IPs all fall into the range of 99.203.XXX.XXX, where the XXX represents a random series of numbers.

27. The WilliamWilma2 account accessed Twitter's served with a Sprint IP address four times in the September time-period that the account was active.

28. On September 17, 2018 at 6:40pm, PST, the WilliamWilma2 account accessed Twitter from 99.203.11.87. That same day, at 6:49pm, PST, the irl_idgaf account owned by Bora Song accessed Twitter from 99.203.11.87.

29. On September 17, 2018 at 8:40pm, PST, the WilliamWilma2 account accessed Twitter from 99.203.11.125. That same day, at 8:30pm, PST, the irl_idgaf account accessed Twitter from 99.203.11.125.

30. On September 23, 2018, Defendants logged into the WilliamWilma2 account from the IP address 172.118.193.100 to post inflammatory, false, and defamatory tweets alleging that Plaintiff was sending messages to and had threatened her 16-year-old daughter. Williamwilma2 also claimed to be a mother of four children residing in Texas.

31. Bora Song is 25 years old and does not have any children, let alone a 16-year-old daughter.

32. Hye Song also does not have a 16-year-old daughter.

33. Notably, Defendant Bora Song also accessed the account she created to defame and harass the Plaintiff while employed by the LA County Public Defender's office as an intern, where she was employed from August 13, 2018 to October 26, 2018. She further created this account after taking the California bar exam in July 2018 and while her admission to the California bar was pending.

## **FIRST CLAIM FOR RELIEF**

*(Defamation per se)*

34. Plaintiff incorporates all allegations above into this cause of action.

35. Defendants used the Williamwilma2 account to post Tweets which identify Plaintiff by his legal name and Twitter username, as well as Twitter accounts which belong to his wife and his wife's Co-Worker.

36. Defendants have used the Williamwilma2 account to accuse Plaintiff of crimes and serious sexual misconduct. Specifically, Defendants have accused Plaintiff of sexually harassing a minor over Twitter, possessing child pornography, and raping his own pre-adolescent daughters and the daughter of his wife's co-workers.

37. Defendants' Twitter messages have been seen by hundreds of people and remain publicly viewable on Twitter.

38. Defendants have acted with actual malice and performed these actions with the intent to cause serious injury to Plaintiff, including the filing of criminal charges, loss of business, and emotional and bodily injury.

39. The Plaintiff is not a public figure, and therefore there is no actual malice requirement intended.

40. The matter here is not a matter of public concern.

41. Defendant's damages are presumed as defamation per se.

## SECOND CLAIM FOR RELIEF

*(§ 18-9-111. Harassment--Kiana Arellano's law)*

42. The applicable Colorado State Harassment statute is as follows:

    (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she:
    \*\*\*
    (b) In a public place directs obscene language or makes an obscene gesture to or at another person; or
    \*\*\*
    (e) Directly or indirectly initiates communication with a person or directs language toward another person, anonymously or otherwise, by telephone, telephone network, data network, text message, instant message, computer, computer network, computer system, or other interactive electronic medium in a manner intended to harass or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone, computer, computer network, computer system, or other interactive electronic medium that is obscene; or
    \*\*\*
    (h) Repeatedly insults, taunts, challenges, or makes communications in offensively coarse language to, another in a manner likely to provoke a violent or disorderly response.
    \*\*\*
    (1.5) As used in this section, unless the context otherwise requires, "obscene" means a patently offensive description of ultimate sexual acts or solicitation to commit ultimate sexual acts, whether or not said ultimate sexual acts are normal or perverted, actual or simulated, including masturbation, cunnilingus, fellatio, anilingus, or excretory functions.

43. Defendants have used the internet, including through Twitter and email, to harass Plaintiff, his wife, and his wife's co-worker.

44. Plaintiffs messages were made publicly and remain viewable to the public today.,

45. The repeated insults and taunts used coarse language and are said in a manner likely to provoke a violent response.

## **PRAYER FOR RELIEF**

46. WHEREFORE the Plaintiff respectfully requests that this court

    a. Grant a preliminary injunction enjoining Hye and Bora Song from contacting the Plaintiff.

    b. Order defendants Hye and Bora Song, to pay Plaintiff punitive damages for their malicious conduct, as described in the paragraphs above, in amounts to be determined at trial;

    c. Grant such other and further relief as the Court deems just, necessary, and proper in the public interest; and

    d. Award Plaintiff costs and applicable attorney's fees.

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED: December 12, 2018

Respectfully Submitted,
*/S Matthew W Buck*
RED LAW
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law