IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

Matthew Buck,                                                            Civil Action: No 18-cv-02427

Plaintiff,

v.

**BORA SONG**,

And

**HYE SONG**

Defendants.

_____

Plaintiff's Response in Opposition to Defendants' Motions for Sanctions

## I.    INTRODUCTION

Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 should be denied because it is procedurally improper and entirely lacking in merits.  Specifically, Defendants did not file this motion separately or comply with the safe harbor provisions of Rule 11, did not meet and confer as required by the District's Local Rules, and Defendants have failed to identify any filing or behavior which merits sanctions.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a string of harassing and libelous messages sent by Defendants during September 2018.  Over the course of five days, Defendants registered a Twitter account which sent numerous messages accusing Plaintiff of raping his own children and of sexually harassing and possessing explicit photographs of a fictional minor.  (TAC ¶¶ 8-13, ECF No. 44.)  Additionally, Defendants sent a harassing email through Plaintiff's website, promising to continue the harassment for as long as Defendants wished.  (*Id.* ¶ 14, ECF No. 44.)

Following several days of continued harassment, Plaintiff filed this suit on suit on September 24, 2018.  (Compl. ECF No. 1.)  Plaintiff initially brought suit against Jane Doe defendants with the intention of amending the complaint as soon as he discovered who was responsible.  (*Id.* ¶ 12, ECF No. 1.)  Thereafter, with the Court's permission, Plaintiff issued subpoenas to Charter Communications and Twitter, Inc., for information which would allow Plaintiff to identify the persons responsible for the harassing messages.  (*See* TAC ¶¶ 15-33, ECF No. 44.)  Additionally, Plaintiff contacted the Los Angeles County Office of the Public Defender ("LACOPD") to confirm that Bora Song was an employee at

the time @WilliamWilma2 was active. Based upon the responses of the third-parties, Plaintiff was able to determine that:

(1) messages sent by the harassing Twitter account were sent with a Charter IP address associated with Defendants' home internet account;

(2) the Charter IP address associated with @WilliamWilma2 was also used to access Bora Song's personal Twitter account, @irl_idgaf; and

(3) the same Charter IP address was used to send the harassing email to Plaintiff.

(4) both @WilliamWilma2 and @irl_idgaf were accessed from IP addresses associated with the State of California during the period when Bora Song was employed by the LACOPD.

(*Id.*, ECF No. 44); (Pl. Decl. ¶¶ 21-33 & Ex. C, ECF No. 46-1.)

Based upon this information, Plaintiff amended his complaint on December 13, 2018, to identify Bora and Hye Song as defendants for claims of defamation *per se* and harassment under the Colorado State harassment statute, Colo. Rev. Stat. § 18–9–111. (TAC, generally, ECF No. 44.)  Plaintiff served Defendants on December 14, 2018, at their home in Los Angeles, California.  (Pl. Decl. ¶ 32, ECF No. 46-1.)  The same day, Plaintiff received a phone call from Defendant Bora Song regarding the suit.  (*Id.* ¶ 33, ECF No. 46-1.)  During the call, Plaintiff told Ms. Song that he did not believe it was appropriate for him to speak to her while she was unrepresented, unless she entered an appearance in this case indicating that she would proceed *pro se*.  (*Id.* ¶ 34, ECF No. 46-1.)  Following this phone call, Plaintiff has not yet spoken to either Defendant again.  (*Id.* ¶ 35, ECF No. 46-1.)

Defendants filed a motion for sanctions on December 17, 2018, arguing that sanctions are appropriate because: (1) Plaintiff represented himself while he proceeded as a John Doe; (2) Plaintiff would not speak to Ms. Song regarding this suit until she entered an appearance' and (3) Plaintiff's suit is unmerited or inappropriate for various reasons. (Mot. Dismiss 11-12, ECF No. 45.) This response follows.

## III.   ARGUMENT

### A.   Defendants' motion should be denied because Defendants have failed to confer or comply with Rule 11's requirements.

Defendants' motion should be denied because they have not complied with either the Local Civil Rules or the Federal Rules of Civil Procedure. Local Civil Rule 7.1(a) requires a moving party to confer or make reasonable efforts to confer before filing their motion and to describe the specific efforts they have made to fulfill this duty. D.C.COLO.R. 7.1. Similarly, Federal Rule of Civil Procedure 11(c) requires a party moving for sanctions to be (1) made separately from any other motion, (2) describe the specific conduct allegedly violating Rule 11(b); and (3) be served on the party against whom sanctions are sought at least 21 days prior to filing. Fed. R. Civ. P. 11(c)(2). Defendants have failed to comply with any of these requirements.

First, Defendants do not describe what efforts they have made to confer prior to filing this motion. Plaintiff readily concedes that Bora Song called him on the day which she was served, but at no point mentioned that she intended to file a motion for sanctions. After that initial contact, Defendants made no further attempts to contact Plaintiff, let alone to discuss the grounds in their pending motion.

Second, Defendants have not complied with the safe harbor provisions of Rule 11. Defendants did not serve Plaintiff at all prior to the filing of this motion, which was filed only three days after Defendants were served with the complaint.

Lastly, Defendants have not filed this motion separately, as required by Rule 11. While this could generally be ignored for a *pro se* party, Defendant Bora Song is a 2018 graduate of the Emory University School of Law who should be expected to review the rules prior to filing papers with the Court.

As Defendants have failed to comply with the procedure requirements to file this motion, it should be denied.

**B.     Defendants have not identified any sanctionable conduct.**

Even had Defendants complied with the procedural requirements to file this motion, sanctions would still be inappropriate because Defendants have failed to identify any conduct or filing which warrants sanctions.

First, Defendants argue that sanctions are appropriate because Plaintiff represented himself while proceeding as a John Doe.  (Mot. Dismiss 12, ECF No. 45.) As an initial matter, Plaintiff's decision to proceed as a John Doe is not sanctionable because it was done with approval by the Court.  Moreover, Plaintiff moved for both sides to be represented as Does until sufficient information was learned to merit service on Defendants.  When ordered to proceed under his own name, Plaintiff dutifully amended the complaint, as require by the Court.  (*See* TAC, ECF No. 44.)  As Plaintiff has proceeded in compliance with the Court's orders, sanctions are not merited.

Second, Defendants argue that sanctions are merited because Plaintiff would not speak to Defendant Bora Song about this case shortly after she was served.  (Mot.

Dismiss 12, ECF No. 45.)  As noted above, Plaintiff's decision was motivated out of a desire to protect Defendants' right to seek counsel and to clarify whether they intended to proceed *pro se* prior to any additional contact.  As Bora Song called Plaintiff within hours of being served, Plaintiff's decision was clearly reasonable.  Now that both Defendants have entered *pro se* appearances, Plaintiff is willing and happy to speak to both parties to discuss matters, such as discovery, that are required and appropriate for carrying out this case.

Third, Defendants argue that sanctions are appropriate because they do not believe that Plaintiff has pled sufficient information to meet the amount in controversy requirement for this Court to exercise diversity jurisdiction.  (*Id.* at 11, ECF No. 45.)  As an initial matter, whether Plaintiff's damages are sufficient to confer subject matter jurisdiction on this Court is wholly irrelevant to whether Plaintiff's representations to the Court are sanctionable under Rule 11.  *See* Fed. R. Civ. P. 11(b).  However, Plaintiff's assertion that there is no possible manner in which Plaintiff's damages reach $75,000.00 is incorrect as a matter of law, as punitive damages may be appropriately included in the Court's analysis of the amount in controversy requirement.  *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").  As Plaintiff's suit is based upon libelous allegations regarding possession of child pornography and sexual harassment of a minor, there are more than adequate grounds for the Court to anticipate that punitive damages may be appropriately awarded.  Therefore, Plaintiff's filing of this suit with this Court is warranted by existing law and is not sanctionable.

Fourth, Defendants argues that Plaintiff should be sanctioned because he has failed to present sufficient information for the Court to conclude that he has been libeled and that Defendants are responsible for these statements. (Mot. Dismiss 11-12, ECF No. 45.)  Defendants base this motion in part on section 13-17-102 of the Colorado Code of Law.  (*See id.*, ECF No. 45.)  Under section 13-17-102, the Court may award reasonable attorney fees where the court determines that a civil action lacked substantial justification. Colo. Rev. Stat. § 102(2).  "[A] claim lacks substantial justification if it lacks supporting evidence or the party pursing the claim cannot make a rational argument in its support based on the evidence or governing law."  *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1219 (10th Cir. 2010).

In this case, Plaintiff presents evidence that he has been libelously accused of possessing child pornography, sexually harassing a minor, and raping his own children. Plaintiff has conducted sufficient discovery to determine that the harassing messages were sent by an account connected to Defendants in multiple ways, including their cell phone number, home and cellular IP addresses, and their use of a related Twitter account. Put simply, Plaintiff did not need to ask Defendants if they were willing to admit that they were the ones who libeled him before he named them as Defendants based upon copious evidence which demonstrates the same.  As there is sufficient evidence to support Plaintiff's claims, there is substantial justification for his suit and sanctions are inappropriate.

Fifth, Defendants argue that sanctions are appropriate because Defendant has presented private information of Defendants, including their school, workplace, future career goals, and phone numbers.  (Mot. Dismiss 12, ECF No. 45.)  As an initial matter,

Defendants' phone number and email address is required to be disclosed in their pleadings and motions under Rule 11(a) and therefore is not private information. Additionally, Plaintiff's status as a law school graduate and workplace are directly relevant in this suit.  Bora Song's employment was directly relevant in determining that she was responsible for a portion of the messages sent by the harassing Twitter account because the account was accessed from an IP address that appears to be associated with her employer.  Additionally, Bora Song's status as a law school graduate is relevant as a factor in damages calculations, as it may be used to demonstrate that she was aware of the wrongfulness of her actions and knowing disregard of the rights of Plaintiff.  To the extent that Defendants' account numbers were published in the Court docket, Plaintiff was not responsible for the unredacted filing of Sprint's subpoena.  (*See* Notice Re. Mot. Produce, ECF No. 36.)  Plaintiff agrees that this filing should be appropriately redacted in future filings.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that Defendants' motion for sanctions be denied.

Respectfully Submitted,
*/S Matthew W Buck*
RED LAW
445 Broadway Suite 126
Denver, CO 80203
720-771-4511
matt@red.law

## CERTIFICATE OF SERVICE

I, Matthew W. Buck, hereby certify that on January 7, 2019, I served a copy of the

foregoing on the defendants via e-mail, and with the court via the court's ECF system.

*/S Matthew W Buck*