| | |
|---|---|
| **District Court, Denver County, Colorado**<br>901 19th Street<br>Denver, CO 80294 | **FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>**JAN 10 2019**<br>JEFFREY P. COLWELL<br>CLERK |
| **Plaintiff(s):** Matthew Buck,<br>v.<br>**Defendant(s):** Bora Song<br>and Hye Song. | ▲ COURT USE ONLY ▲ |
| **Attorney or Party Without Attorney :**<br>Bora Song, pro se for Defendants<br>2124 5th Ave<br>Los Angeles, CA 90018<br>Phone Number: 213-220-1784<br>E-mail:  borasong@live.com | **Case Number:**<br><br>No. 18-cv-02427 |
| **REPLY TO OPPOSITION TO<br>MOTION TO DISMISS** ||

Defendants, BORA SONG and HYE SONG, respectfully submits their Reply to Opposition to Motion to Dismiss for lack of personal jurisdiction.

### I. PLAINTIFF FAILED TO MEET HIS BURDEN TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE DEFENDANTS, IN BOTH COMPLAINT AND OPPOSITION

The party asserting personal jurisdiction has the burden of proof when jurisdiction is challenged. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1069 (10th Cir. 2008). Instead of meeting his burden of proof, Plaintiff sets forth numerous assertions in an attempt to improperly sway the court. Plaintiff's Opposition poses no significant legal or factual basis upon which this Court may derive personal jurisdiction over the Defendants. A party may not simply rely upon the allegations of a pleading where jurisdiction is properly challenged. *Tavlor v. Portland Paramount Corp.,* 363 F.2d 634, 639 *(9th* Cir. 1967). Plaintiff attempts to meet that burden simply by asserting numerous alleged statements on Twitter.com without drawing connection to the minimum contacts and purposeful availment to argue that Defendants

1

had with the forum state. The allegations point to the fact that Defendants knew the whereabouts of Plaintiff when they contacted his wife and his wife's co-worker regarding Plaintiff. Plaintiff did not make any connection with the alleged statements to satisfy the elements required for specific personal jurisdiction in his Opposition. (the relationship between the defendant and the forum "must arise out of contacts that the 'defendant himself' **creates with the forum**" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475)). Even if this Court accepted the allegations, Plaintiff does not meet his burden in asserting that Court has jurisdiction over the Defendants.

Further, Plaintiff relies on *Shrader v. Biddinger* to argue that Internet-related activities are construed to have a broad meaning in the analysis of personal jurisdiction (See: Opposition, 7). Plaintiff states that this Court has jurisdiction over the Defendants because Defendants have "intentially direct[ed] his/her/its activity or operation at the forum state." *Id.* The Court in *Shrader* held that specific personal jurisdiction was insufficient over the operators of online internet discussion forum because of the absence of any indication of the forum or any other connection to the forum. The Court in *Shrader* stated the following:

> "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed. This principle has particular salience for defamation cases: "Posting on the internet from [outside the forum state] an allegedly defamatory statement [about a forum resident] ... does not create the type of substantial connection between [the poster] and [the forum state] necessary to confer specific personal jurisdiction." *Johnson v. Arden,* 614 F.3d at 797. "[T]he plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder.*" *Young,* 315 F.3d at 262."
> *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011).

Similarly, Colorado was not the focal point of any of the alleged defamatory statements on email or Twitter, either in terms of its audience or its contents. Plaintiff's residence in the forum state of Colorado, and hence, suffering harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state. Plaintiff did not

2

fully understand the outcome of the *Shrader* case, as he relied on the case that was not beneficial for his argument. Plaintiff fails to rebut Defendants' Motion and fails to provide legal sources in his Opposition, or Complaint, to meet his burden of prima facie.

### A. PLAINTIFF CANNOT SHOW DEFENDANTS HAD MINIMUM CONTACTS WITH THE FORUM STATE

The constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum state. The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S., at 319, 66 S.Ct., at 160. Plaintiff fails to show that Defendants had made "minimum contacts" with the forum state. In judging minimum contacts for purposes of assessing the validity of specific jurisdiction, a court focuses on the "relationship among the defendant, the forum, and the litigation." *Helicopteros Nacionales de Colombia*, S.A., 466 U.S. at 414–16, 104 S.Ct. 1868 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)); *West American Ins. Co. v. Westin, Inc.*, 337 N.W.2d 676, 679 (Minn.1983). For the minimum contacts requirement to be satisfied, the defendant must have "purposefully avail[ed]" herself of the privilege of conducting **activities within the jurisdiction**." *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998) (quoting and modifying *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

The Court cannot find Defendants had minimum contacts with the forum state on the record presented. Defendants do not own property in the State of Colorado, has no bank account, does not solicit business in the State of Colorado, or derive any revenue in this locale. Plaintiff does not refute any of these facts. Further, the alleged defamatory Twitter statements do not have any reference to business or profit-making activities that would suggest receiving benefit from the

residents of Colorado or the privilege of Colorado's laws. See also *Hare v. Simpson*, No. CIV S-12-0136, 2013 WL 1499434, at *7-8 (E.D. Calif. April 10, 2013). The alleged statements do not identify Colorado forum in any way. Nothing in the record indicates that the statements were targeted at the state of Colorado. The alleged defamatory statements include interactions with other Twitter users that show different locations (See: Motion). The fact that messages posted on a personal Twitter account could have been read in Colorado, just as they could have been read anywhere in the world, cannot suffice to establish Colorado as the focal point of the Defendant's conduct.

Moreover, Plaintiff's argument that Defendant's actions caused harm to him in Colorado is not sufficient to confer jurisdiction under well-established precedent. In *Calder v. Jones*, the Supreme Court held that an act committed by a nonresident in a foreign state does not always give rise to specific personal jurisdiction. (dismissing complaint for lack of personal jurisdiction: rejecting the plaintiff's mere legal conclusions that defendants "expressly aimed" some "intentional conduct" at the California plaintiff, finding that the Calder test requires more than mere foreseeability that a California resident might be harmed by the intentional action, and finding that the allegations and evidence showed that the defendants' activities were purely to improve their financial situations in their own jurisdiction, holding "[b]ecause none of defendants' alleged conduct has any nexus with California other than the fact that plaintiff happens to reside in California, the effects test is not satisfied.") *Calder v. Jones*, 465 U.S. 783, 789.

Unlike newspapers and media companies, where its contacts with residents bring business and profit, individuals who contact other individuals in a particular state is not sufficient for minimum contact. Personal jurisdiction under the long-arm statute of State of Colorado exists

when a person causes tortious injury in the State of Colorado, causes tortious injury in the State of Colorado outside the State if he regularly does or solicits business, derives substantial revenue from goods used or consumed, or services rendered in the State of Colorado.

The Opposition relies exclusively upon the allegation that Defendants made virtual contacts through Twitter.com to mention or direct messages to two residents in Colorado regarding Plaintiff, a resident of Colorado, to rebut Defendants' Motion stating the lack of personal jurisdiction. However, Plaintiff fails to assert how the alleged statements to Colorado fulfills the minimum contact and purposeful availment requirements under specific personal jurisdiction. The Opposition does not establish specific personal jurisdiction over the Defendants.

## B. PLAINTIFF FAILS TO ASSERT ALLEGATIONS TO SATISFY PURPOSEFUL AVAILMENT

The defendant's conduct and connections with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Even if the aforementioned allegations were true, the allegations do not show the connection between the virtual contact with one or two Colorado residents to minimum contacts with the State of Colorado. The virtual contact with the Colorado residents does not give Defendants the benefits of Colorado's laws. Plaintiff cannot show that Defendants purposefully availed themselves of Colorado's laws or purposefully directed any activities into Colorado.

In defining when it is that a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958):

"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which **the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.**"

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.*, 465 U.S., at 774, 104 S.Ct., at 1478; *World-Wide Volkswagen Corp. v. Woodson*, supra, 444 U.S., at 299, 100 S.Ct., at 568, (where the defendant "deliberately" has engaged in significant activities within a state), or has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn. v. Virginia*, 339 U.S., at 648, 70 S.Ct., at 929, where he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.) For jurisdiction to be proper, the contacts must proximately result from actions of the defendant that create a "substantial connection" with the forum state. *Burger King*, 471 U.S. at 475.

Plaintiff claims in its Opposition that the investigation shows Defendants were responsible for the alleged defamatory statements on Twitter.com but fails to show a connection of the alleged statements to Defendants' contacts with the State of Colorado. (See *Opposition*, generally). Even if the Court accepts as true the allegation that the defendants knew their respective actions would injure Plaintiff in Colorado, the allegations are insufficient to satisfy the requirement that the defendants' actions were expressly aimed at the forum state, where Defendants would benefit from the protection of Colorado's laws. See *Dudnikov*, 514 F.3d at

1074–75. Defendants' knowledge of Plaintiff and his wife's residency is insufficient to show that their actions were directed to the forum state of Colorado. The Court should find that the alleged contacts were insufficient to warrant exercising specific personal jurisdiction over the Defendants. Defendants have not purposefully availed itself of the privilege of acting within the forum state. Defendants could not have reasonably anticipated that they would be subject to personal jurisdiction in this Court because they did not make any contact with anyone in Colorado for business. Jurisdiction is only proper where "individuals purposefully derive benefit from their interstate activities" or where defendants "create a substantial connection with the forum." Plaintiff failed to show that Defendants have purposefully invoked the benefits and protections of a state's law. As such, exercise of personal jurisdiction against Defendants would be unreasonable.

Plaintiff bears the burden of proving the requirements of personal jurisdiction. Plaintiff has failed to meet that burden, and dismissal of the complaint is warranted.

## II. CONCLUSION

Due to the foregoing facts and legal analysis, it is requested that this Court grant Defendants' Motion to Dismiss.

DATED this 8th day of January 2019.

Respectfully submitted,
By: /s/ BORA SONG
/s/ HYE SONG,
Pro se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of January 2019, a true and correct copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO DISMISS** was served via email to the following unless another method is specified below:

Matthew W. Buck
RED LAW
matt@red.law
445 Broadway Suite 126
Denver, CO 80203
*Counsel for Plaintiff*

/s/ Bora Song