| District Court, Denver County, Colorado<br>901 19th Street<br>Denver, CO 80294<br><br>_____<br><br>**Plaintiff(s):** Matthew Buck ,<br>**v.**<br>**Defendant(s):** Bora Song and Hye Song. | **FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>**FEB 11 2019**<br>JEFFREY P. COLWELL<br>CLERK<br>_____<br>▲ COURT USE ONLY ▲ |
|---|---|
| **Party Without Attorney** :<br>Bora Song, Hye Song pro se<br>2124 5th Ave<br>Los Angeles, CA 90018<br>E-mail:  borasong@live.com | **Case Number:**<br><br>No. 18-cv-02427 |
| **ANSWER AND AFFIRMATIVE DEFENSES** | |

Defendants, BORA SONG and HYE SONG, respectfully submits their Answer and Affirmative

Defenses to Plaintiff's Complaint:

### Jurisdictional Allegations

Numbers 1 through 4, Defendant admits the allegation for jurisdictional purposes only.

Numbers 5 through 7, denied. Defendants filed a Motion to Dismiss but there has been no ruling

to date by the Court. Defendants do not have general or specific contact for the purposes of

personal jurisdiction with the State of Colorado.

### Factual Background

Numbers 8 through 14,  denied.

15.  Denied in part. Defendants own a residential dwelling with an unsecured, dynamic IP

address that is accessible by tenants who resides in the house with the associated IP address.  The

dynamic IP addresses change with every refresh of the modem and reconnection of the internet.

The internet in this residence is accessed by at least 4 people at any given time. IP addresses do

not indicate any identity of any specific user for the purposes of this claim.

16.  Denied. Defendants have never contacted Plaintiff through the law firm's website.

17. Admitted.

18. Admitted in part. It appears that at one point, the IP address was as mentioned, but is not consistently the same number stated by Plaintiff.

19. Denied in part, Admitted in part. Plaintiff subpoenaed Defendant Bora Song's real and true Twitter account "@Irl_Idgaf," which is not the account in question for the purpose of Plaintiff's defamatory claim. Plaintiff does not assert that the account in question, "@WilliamWilma2" has Defendant Bora Song's personal information associated to the account. Plaintiff retrieved Defendant Bora Song's personal information from her personal Twitter account, and asserts that it matches the account in question without evidence.

20. Denied. Defendants had 8 people, including tenants and visitors, from July to October 2018. The IP address was used by 8 people at the time that the alleged Twitter account was accessed.

21. Denied. The IP address was used by 8 people at the time that the alleged Twitter account was accessed.

22. Denied. The IP address was used by 8 people at the time that the alleged Twitter account was accessed.

23. Admitted. The account "@Irl_Idgaf" was owned by Defendant Bora Song at one point in 2015-2018. The phone number is Defendant Bora Song's true and correct number.

24. Admitted.

25. Admitted.

26. Denied in part. The IP address for Defendant's phone changes at every random point in time. Numbers 27 through 30,  denied.

31. Admitted.

32. Admitted in part, denied in part. Defendants had a 12 year old and a 14 year old residing in the residence. There were two minors who are related to the Defendants during the time in question.

33. Denied in part. Defendant Bora Song had never visited and had never worked in the Compton Courthouse, which is the location of the IP address associated.

34. Denied.

35. Denied.

36. Denied.

37. Denied. There is no evidence to show that "hundreds of people" saw the alleged defamatory Twitter statements and the account is not viewable on Twitter.

38. Denied. There is no criminal charges shown by the Defendant.

39. Denied. Plaintiff is a registered sex offender in one or more states and has appeared on newspapers and articles online. He is a limited public figure due to his public status as a registered sex offender, which is a newsworthy information for public interest in the Denver community.

40. Denied. The online platform such as Twitter should be closely monitored. Facebook does not allow registered sex offenders to create an account, which shows that sex offenders should be monitored closely for the safety of minors and potential victims. The defamatory statements at issue concerns the online community and thus, the public at-large. Plaintiff is able to access and contact people outside of his community, where people are not aware of his identity as a registered sex offender due to the nature of social media and his anonymous account as "@Redlawco." Plaintiff uses a fake profile picture and uses the Twitter account to contact strangers, which should be a concern for people who have been targets of his harassment.

41. Admitted.

42. Admitted.

43. Denied. Prior to the commencement of this lawsuit, Defendant Bora Song have stopped

responding to Plaintiff's private messages in July 2018. Defendant Bora Song did not contact

Plaintiff in any method. Defendant Hye Song has never communicated with Plaintiff.

44. Denied.

45. Denied.

46. Denied. Defendants have not contacted Plaintiff prior to the lawsuit and Defendants do not

wish to speak to Plaintiff concerning any other matter apart from the lawsuit. Further, Plaintiff is

representing himself and should not request attorney's fees.

All other claims are denied.

<h3 align="center">Affirmative Defenses</h3>

1. Defendants deny each and every allegation of defamation per se publication, causation in

   fact, proximate cause, injuries and damages.

<h3 align="center">First Affirmative Defense</h3>

2. This court lacks Subject Matter Jurisdiction because Plaintiff's claims cannot exceed

   $75,000. Plaintiff asserts the claim in bad faith, arguing that his professional reputation

   has been ruined. However, he states that Defendants had sent the alleged defamatory

   statements to his wife and his wife's co-worker. Plaintiff asserts that the defamatory

   statements were on Twitter, but failed to show that his clients or his professional

   colleagues had seen the alleged defamatory statements. Further, Plaintiff Matthew Buck's

   online search of his name shows his sex offender registry before his law firm. Any

   reputation damage he had cannot possibly exceed $75,000. He would have incurred little

to no reputational damage because he is aware that the the defamatory statements are true or substantially true.

**Second Affirmative Defense**

3. Plaintiff have failed to state a cause of action for defamation per se because the statements directed to third parties "he will rape your daughter, probably his own too" are purely opinions and therefore, not actionable under Colorado law.

4. Plaintiff have failed to state a cause of action for defamation per se because the statements directed to third parties of the Twitter post that states "his wife @clairibela doesn't give a fuck.." are purely opinions and therefore, not actionable under Colorado law.

5. Plaintiff have failed to state a cause of action for defamation per se because the statements directed to Plaintiff "@redlawco has now threatened my daughter.." are purely statements of opinions and therefore, not actionable under Colorado law.

6. All of the statements asserted by Plaintiff do not satisfy the elements for defamatory per se. Plaintiff have failed to state a cause of action for defamation because the alleged defamatory statements directed to third parties have not caused specific damages. Plaintiff failed to state specific damages for the alleged defamatory per se statements. If Plaintiff asserts defamation, he would need to show evidence of his reputational damages.

**Third Affirmative Defense**

7. Plaintiff have failed to state a cause of action for harassment and should be dismissed Defendants had not contacted Plaintiff in any capacity in September 2018. Plaintiff asserts that Defendants sent one email through Plaintiff's firm website, which is not

continuous, repetitive, patently offensive description of ultimate sexual acts, or public for the purposes of Colorado §18-9-111 Harassment statute.

8. Defendant Hye Song have never spoken to Plaintiff. Defendant Hye Song has never created a Twitter account and does not know Plaintiff in any capacity.

9. Defendant Bora Song have never met Plaintiff Buck. She had blocked Plaintiff on Twitter since July 2018 and he has not been unblocked since. (See Defendants' Motion for Summary Judgment Exhibit E)

10. Plaintiff has been continuously attempting to contact Defendant Bora Song and have reached out to her colleague to obtain personal information about Defendant. Plaintiff has relentlessly sought out Defendant's private information and continuously harassed her since May 2018.

## Fourth Affirmative Defense

11. Plaintiff's causes of action for defamatory per se should be dismissed because the statements regarding Plaintiff are true or substantially true.

12. On or around July 2018, Plaintiff admitted that he had spoken to a minor online who told her high school friends. He admitted that he requested photos depicting nudity.

13. On or around August 2018, Defendant searched Plaintiff's information online and found his sex offender registry at Illinois Sex Offender Registration Records.

14. During the summer 2018, Defendant was notified by various anonymous accounts that identified Plaintiff Matthew Buck as a sexual harasser on Twitter.

15. On or around July 2018, Plaintiff sent harassing messages to Defendant Bora Song. Defendant proceeded to block Plaintiff and Plaintiff contacted Defendant's colleague to harass the colleague as well.

16. Plaintiff asked to have sexual intercourse with Defendant Bora Song's colleague, in addition to requesting for sexually explicit photos.

17. On or around June 2018, Defendant received various messages from unidentified people on Twitter regarding Plaintiff. They stated that they were victims of Plaintiff and that they were continuously harassed. One of the messages was from a minor.

18. On or around September 2018, the Twitter community was exposing Plaintiff Matthew Buck for sexual harassment of women. The circumstantial evidence of Plaintiff Buck's reputation amongst users of Twitter shows that he is a sexual predator. It is reasonable that Defendants believed Plaintiff was a sexual predator because the Illinois sex offender registry stated that he is a sexual predator residing in Denver, Colorado.

19. Plaintiff Matthew Buck asserts that the Twitter statements by "@WilliamWilma2" is defamatory per se, however, he had admitted to various people, including to Defendant Bora Song, that he had sent multiple private messages to minors for sexual engagements.

20. If this Court finds that Defendants are the specific people behind the alleged defamatory statements, the Court should dismiss Plaintiff's Complaint because the alleged defamatory per se statements are reasonably believed to be true or substantially true.

### Fifth Affirmative Defense

21. Plaintiff should be considered a limited public figure due to his status as a registered sex offender in one or more states. He is currently on the Illinois registry and is identifiable by his pictures. There are articles, one specifically related to his conviction of rape of minor, on Denverpost and elsewhere.

22. Due to the nature of sex offenders and the purpose of sex offender registry, sexual harassment is a public concern for internet and in the community of his residence.

Plaintiff is able to connect with minors on Twitter using fake identities and fake accounts, which should be a public concern. Plaintiff had contacted a 15 year old, engaged in sexual intercourse, and was convicted in the year 2000. Given his criminal background, Plaintiff's online activities should be a public concern.

23. Plaintiff must show that Defendants' alleged defamatory statements were false and that Defendants were at fault. Plaintiff must be required to show that Defendants's allegedly defamatory statements were negligent to the truth.

24. Plaintiff's claims for defamation per se are barred by the First Amendment of the Constitution of the United States and the Constitution of the State of Colorado.

**Sixth Affirmative Defense**

25. Plaintiff's claims may be barred because of Plaintiff's failure to join necessary parties pursuant to Fed. R. Civ. P. 19.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th of February 2019, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served via email to the following unless another method is specified below:

> Matthew W. Buck
> RED LAW
> matt@red.law
> 445 Broadway Suite 126
> Denver, CO 80203
> *Plaintiff*

/s/ Bora Song

/s/ Hye Song