| | |
|---|---|
| **District Court, Denver County, Colorado**<br>901 19th Street<br>Denver, CO 80294 | ~~**FILED**~~<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>**FEB 1 1 2019**<br><br>**JEFFREY P. COLWELL**<br>**CLERK** |
| **Plaintiff(s):** Matthew Buck ,<br>**v.**<br>**Defendant(s):** Bora Song and Hye Song. | ▲ COURT USE ONLY ▲ |
| **Party Without Attorney** :<br>Bora Song, Hye Song pro se<br>2124 5th Ave<br>Los Angeles, CA 90018<br>E-mail:  borasong@live.com | **Case Number:**<br><br>No. 18-cv-02427 |
| **Motion for Summary Judgment and Memorandum in Support of Motion** | |

Defendants Bora Song and Hye Song, pursuant to Fed. R. Civ. P. 56 move for entry of summary judgment and request that judgment be granted in their favor on all claims against them that are asserted in Plaintiff's Complaint. The Defendants' Answer and Affirmative Defenses, exhibits of record show that there is no genuine issue as to any material fact and that Defendants are entitled to a judgment as a matter of law on all claims in Plaintiff's Complaint. As will be argued below, none of Plaintiff's two causes of action – 1) defamation per se; 2) harassment can withstand Defendants' motion for summary judgment because there are no material issues of fact in dispute. Plaintiff not only fails to state a claim against Defendants, his claims are barred by the affirmative defenses of truth and opinion. Accordingly, summary judgment should be granted in Defendants' favor. Exhibits A through U are attached.

### Statement of Facts

Plaintiff Matthew Buck alleges that Defendants have created a Twitter account "@WilliamWilma2" to write defamatory per se statements such as referring Plaintiff as "rapist" and "sexually harassing minors" based on the identified IP address. Defendants deny that they have created the account and that they wrote statements regarding Plaintiff. However, the alleged

defamatory per se statements are statements of opinions and statements that are true or substantially true.

Further, Plaintiff stated that Defendants have harassed him and is claiming harassment for the one time email he received from an unidentified source. He cannot show evidence that the IP address of the email is from the Defendants. Plaintiff cannot assert harassment claim because he cannot show that Defendants have continuously contacted Plaintiff publicly or relentlessly.

Defendants deny that they created the account "@WilliamWilma2" (See: Defendants' Answer) but if this Court finds that the IP address associated with the account satisfies the identification purpose for Plaintiff's claim, Defendants submits this Motion and Memorandum to support the affirmative defenses of truth and opinion of the alleged defamatory statements.

**Argument**

## I. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S CLAIM FOR DEFAMATION PER SE

Summary judgment should be granted in favor of Defendants on Plaintiff's claim for defamation per se because the statements alleged do not constitute defamation per se and the statements are also protected by several affirmative defenses, including opinion and truth. No facts sufficient to require a trial of any issue of fact exist here. Defendants do not admit that they are the authors behind the defamatory statements; however, for the purpose of the affirmative defenses in this Motion for Summary Judgment, Defendants will analyze the contents of the alleged defamatory statements.

### A. Statements Are Protected Because They Are True

Truth is a complete defense to defamation. However, absolute truth is not required; instead, a defendant need only show substantial truth, that is, "the substance, the gist, the sting of the

matter is true." The determination of the truth of an alleged defamatory statement is a question of

fact. *Gomba v. McLaughlin,* 180 Colo. 232, 236, 504 P.2d 337, 339 (1972). In *Republican*

*Publishing Co. v. Mosman*, 15 Colo. 409, 24 Pac. 1055, this court said: 'If the truth of the

published matter could be established by evidence, it was a complete justification and defense.

The defendant was also entitled to give in evidence any circumstances properly in mitigation of

said publication for the purpose of reducing the amount of damages, even if the publication was

in fact false. Const. art. 2, § 10; Code Civ. Proc. § 69.

As set forth in Defendants' Answer and Affirmative Defenses, the statements regarding

Plaintiff's criminal history as a "rapist" continues to be true because he was convicted for

statutory rape of minor and is currently registered as a sex offender in Illinois; therefore, the

statement is true, no less substantially true. Further, Defendant Bora Song received numerous

messages from Plaintiff where he admits that he continues to speak to minors on private

messages and Twitter for sexual engagements and for soliciting sexually explicit photos. There

were numerous witnesses and victims who exposed Plaintiff on Twitter for his harassments and

unrelenting conduct towards minors and women on Twitter. (See Exhibits L-U). Even if the

witnesses and victims did not state factually accurate information to Defendant, it is reasonable

that Defendant believed the statements and the circumstantial evidence because of Plaintiff's

online persona and aggressive behavior on social media. (See Exhibits O, P).

On or around February 4, 2019, The Denver Channel wrote an article regarding Plaintiff

Matthew Buck and his criminal history. (See Exhibit J). The article exposes Plaintiff for his

previous conviction for sexual assault and rape of a minor (14 years of age), who appears in the

news to expose Plaintiff Buck's conduct. Plaintiff admitted to Defendant that he contacted the

victim in year 2000 through online chatroom. (See Exhibit R). Defendant was able to find

Plaintiff's sex offender registry (See Exhibit H). Plaintiff claims that his reputation was damaged by the alleged defamatory per se statements about his sexual harassment on minors on Twitter, but a Google search of his identity revealed his criminal history as the first information. (See Exhibit I). His reputation could not have been damaged any further because the alleged defamatory per se statements were true and correct reflection of his character and criminal history.

In addition, Defendant Bora Song is also a victim of Plaintiff's relentless harassment on Twitter. Plaintiff stated to Defendant Bora Song's colleague that he had found her Facebook and Instagram, and that he had saved her pictures. Plaintiff also stated that he had saved numerous photos of women from Twitter. The statements as to Plaintiff's sexual harassment of minor and his identity as a rapist are true, no less substantially true.

Defendants are entitled to summary judgment dismissing the defamation per se claim where Plaintiff's own admission of the Defendants' alleged statements were true, or substantially true. *Leibowitz v. St. Luke's Roosevelt Hosp. Ctr.,* 281 A.D.2d 350, 722 N.Y.S.2d 164,164 (1st Dep't. 2001).

### B. Statements Are Protected As Opinion

The statements at issue are merely statements of opinion and therefore not actionable. *Clark v. Schuylerville Cent. Sch. Dist.*, 24 3d A.D. 1162, 807 N.Y.S.2d 175, 176 (3d Dept. 2005). In determining whether a statement is fact or opinion a court must assess whether 1) the statement has a precise and readily understood meaning; 2) whether the statement is susceptible of being proven false; and 3) whether the context signals to the reader that the statements is more likely to be an expression of opinion rather than fact. *Id.*

In this case, it is clear that the statements attributed to Plaintiff Buck as "he will rape your daughter, probably his own too"; "petulant disgusting asshole"; "make sure your daughter stays away from Matthew Buck" to a Plaintiff's wife and wife's co-worker are not more than personal opinions and therefore, not actionable. *Hassig v. FitzRandolph*, 779 N.Y.S.2d at 615 (where average listener would understand statements to be rhetorical hyperbole expressing defendant's opinion of plaintiff's character, the statements are not actionable defamation).

All other statements on the account in question ("@WilliamWilma2") are purely opinions since they cannot be verified objectively and the statements are subjective to one's belief about Plaintiff's future conduct. *Mogil v. Mark B. Zaia Enterprises, Inc.,* 230 A.D.2d 778, 646 N.Y.S.2d 376, 377 (2d Dep't. 1996) (defendant granted summary judgment in defamation action where the statement complained of in a letter sent to the commission on Judicial conduct stated, "I have been mistreated, used and robbed" by the Judge because such statements were subjective in character and could not be objectively verified and therefore understood as an expression of pure opinion).

## C. Statements Are A Matter Of Public Concern

In cases involving private persons involved in a matter of public interest or general concern, "[s]tates may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349, 94 S.Ct. 2997, 3011, 41 L.Ed.2d 789, 810 (1974). For such cases, however, Colorado, in Walker, supra, and *Diversified Management, Inc. v. Denver Post, Inc.,* 653 P.2d 1103 (Colo. 1982), adopted the knowledge or reckless disregard standard for liability.

Plaintiff is identified as a sex offender who was convicted in year 2000 at age 21 for sexual intercourse with a 14 year old female student. He stated to Defendant Bora Song that he found the minor on instant messenger on AOL and have continued engaging with the female student despite knowing her age. Plaintiff was convicted and is currently registered in Illinois Sex Offender Registry. The purpose of sex offender registry is for public safety and it should be applicable to the online community where the offender can potentially target minors without revealing his criminal background. It was apparent to Defendant and to the community on Twitter that Plaintiff Buck continued his use of social media platforms to target females and minors for sexual engagements. Unlike Facebook, where the social media website prohibits sex offenders from creating an account, Twitter does not have a regulation to prevent sex offenders from private messaging minors. Plaintiff's online activity and his use of social media should be a public concern for the safety of women and minors. If the sex offender registry and the sex predator's online activities were not a public concern, then articles from Denver Post and The Denver Channel would not exist (See Exhibits J, K).

## II. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S CLAIM FOR HARASSMENT

Plaintiff does not present evidence other than the email that Defendants allegedly sent to support his harassment claim. Regardless of the author behind the email sent to Plaintiff's law firm email, the email is from September 2018 and Plaintiff fails to allege that there was continuous and relentless harassment from the Defendants since the one-time email that occurred many months ago. There is no genuine issue of material fact as to the harassment claim, or the lack thereof; therefore, this claim should be dismissed.

## Conclusion

For all of the foregoing reasons, the claims in Plaintiff's Complaint does not show genuine issue

of material fact because the alleged defamatory per se statements are not actionable because they

are based on opinion and truth. Defendants Bora Song and Hye Song respectfully request this

Court for entry of a summary judgment dismissing claims of defamation per se and harassment

with prejudice.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 12th of February 2019, a true and correct copy of
the foregoing **Motion for Summary Judgment and Memorandum in Support of Motion** was
served via email to the following unless another method is specified below:

      Matthew W. Buck
      RED LAW
      matt@red.law
      445 Broadway Suite 126
      Denver, CO 80203
      *Plaintiff*

<u>/s/ Bora Song</u>

<u>/s/ Hye Song</u>

EXHIBIT A



*Message with Witness Taylor Mathis and Plaintiff Matthew Buck (@redlawco)*

EXHIBIT B



*Message with Witness Taylor Mathis and Plaintiff Matthew Buck (@redlawco)*

EXHIBIT C



*Message with Witness Taylor Mathis and Plaintiff Matthew Buck (@redlawco)*

EXHIBIT D



*Plaintiff Matthew Buck's (@redlawco) message to Witness Taylor Mathis*

EXHIBIT E



*Plaintiff Matthew Buck's (@redlawco) message to Witness Taylor Mathis*

EXHIBIT F



*Text exchange with Witness and Defendant Bora Song*

**Exhibit G**

State Bar of California
180 Howard Street
San Francisco, CA 94105

January 22, 2019

RE:     BORA SONG, APPLICANT FOR THE STATE BAR OF CALIFORNIA

    This letter is written on behalf of Bora Song, potential bar applicant for the State of California.  My name is Taylor Mathis and I know Bora Song personally as a former classmate at Emory University School of Law in Atlanta, Georgia.  This letter is in reference to an inquiry directed to Bora Song from the State Bar of California in connection to an ongoing lawsuit in Colorado, *Buck v. Song.*

    While I cannot speak to the details of the suit, I understand that the pending litigation is between Bora Song and Matthew Buck.  I have previously had communications with Matthew Buck on Twitter.com through his personal account, @RedLawCo. I do not know Matthew Buck personally.

    Between approximately August 2018 to around September 2018, I communicated with Matthew Buck on Twitter.com using the direct message feature.  During our conversations, Matthew inquired about Bora's personal life, professional life, and background.  In my opinion, Matthew showed a great interest in trying to find out Bora's personal information.  At one point, he informed me that he knew her first and last name and ethnicity.  Matthew was aware that I knew Bora Song personally.  As a response to these many inquiries, I sent Bora screenshots of various messages Matthew had sent me.  Because I was unaware of Matthew's motivations in trying to uncover Bora's identity, I sent him various mistruths about Bora (for instance, I said she was Chinese) in an attempt to conceal Bora's identify from Matthew.  Nevertheless, Matthew shared with me that he had managed to locate her personal information and private social media profiles.

    In addition to inquiring about Bora's personal information, Matthew sent me a number of messages indicating that Bora was a prostitute.  He told me that he was interested in her life and said that he was positive she is a prostitute because he had a copy of her "prostitution profile."  He later sent me a screenshot of a profile on a website that I believe is used for prostitution and/or sexual services.  The profile showed a photo of a young Asian woman with black hair that, in my opinion, did not look like the Bora Song I know personally.  During my various conversations with Matthew, he also sent me a copy of Bora's personal Facebook profile and stated that he had kept screenshots of her personal social media profiles online.  To my knowledge, Matthew and Bora do not know each other personally.

    Ultimately, I ceased communicating with Matthew when he sent me numerous messages about Bora, such as a message indicating that he was going to find Bora's future employer and contact them.  Before ceasing communication with Matthew, I asked to not be involved in any future communications related to Bora with Matthew.

    I understand that Bora may be considering or has considered filing a counterclaim in the pending action between her and Matthew related to the messages Matthew sent me suggesting that Bora is or was previously a prostitute.  The foregoing statements are true and the foregoing opinions are mine.  If required by law, I will be available to testify to the above or will be available for a deposition under oath to confirm the above information.

    I hope this information is useful to you in connection with your investigation of this matter.  If you have any further questions, please contact me directly at taylormathis@outlook.com.

Thank you,

*s/ Taylor Mathis*

Taylor Mathis

**Exhibit H**

**Exhibit H**

Governor JB Pritzker

1/22/2019

Illinois Child Sex Offender MATTHEW W BUCK

## Illinois Sex Offender Information

Illinois Child Sex Offender



### Child Sex Offender Information

| | |
|---|---|
| **Name:** | MATTHEW W BUCK |
| **Date of Birth:** | 8/28/1978 |
| **Height:** | 6 ft. 02 in.   **Weight:** 220 lbs.   **Sex:** M  **Race:** W |
| **Address:** | Out of State<br>DENVER , CO 80212 |

### Sexual Predator

### Crime Information

**VICTIM WAS 14 YEARS OF AGE**
**OFFENDER WAS 21 AT THE TIME OF THE OFFENSE**

**Crimes:** AGGRAVATED CRIMINAL SEX ABUSE/VICTIM 13-18

**State of Conviction:** CO
For Out of State convictions, the most substantially similar Illinois offense is listed.

Back to List   Print this Record

Print options may also be found under the 'File' menu from the browser or hit CTRL+P.

Photo History

 11/06/2009

 01/15/2010

 04/17/2010

 10/14/2010

 08/20/2012

http://www.isp.state.il.us/sor/offenderdetails.cfm?SORID=E09A1327&CHID=99047112&CFTOKEN=a5fd64e2a3a88aec-77f54B544-AFAD-1150-F00BC607D3103321&jsessionid=ec30b14569ca9eb2a9bb3a342557d7f486a7

Exhibit I



Plaintiff Matthew Buck's Google search, depicting sex offender registry as the first picture.

Exhibit J (6 pages)

THEDENVER
CHANNEL.COM
DENVER7

Menu

Quick links...

**4 closings/delays**

Watch

NEWS > CONTACT7

# Hundreds of sex offenders get their names taken off the sex offender registry every year in Colorado

## Sex offender gets off registry, despite victim's plea

**Posted:** 3:13 PM, Feb 04, 2019   **Updated:** 12:36 PM, Feb 05, 2019

**By:** Jaclyn Allen



https://www.thedenverchannel.com/news/contact7/hundreds-of-sex-offenders-get-their-names-taken-off-the-sex-offender-registry-every-year-in-colorado

2/8/2019

Hundreds of sex offenders get their names taken off the sex offender registry every year in Colorado

Play Video

Pause
Unmute
Current Time 1:51
This is a modal window.
Duration Time 5:52
Caption Settings Dialog
Beginning of dialog window. Escape will cancel and close the window.
Loaded: 0%
Stream Type LIVE
Remaining Time -4:01

CONTACT7

+ Show Caption

***Editor's note:*** *Contact7 seeks out audience tips and feedback to help people in need, resolve problems and hold the powerful accountable. If you know of a community need our call center could address, or have a story idea for our investigative team to pursue, please email us at contact7@thedenverchannel.com or call (720) 462-7777. Find more Contact7 stories here .*

A Contact7 investigation found that in the state of Colorado, hundreds of sex offenders are getting off the sex offender registry every year. In one case, a felony sex offender's motion was granted even after his victim pleaded against it.




https://www.thedenverchannel.com/news/contact7/hundreds-of-sex-offenders-get-their-names-taken-off-the-sex-offender-registry-every-year-in-colorado

While Denver7 generally doesn't identify victims of sex crimes, Amy Stillahn wants her story told and wants people to know what she has been through.

"He stole something from me, absolutely," she said, speaking for the first time publicly about the then-21-year-old lacrosse coach at Arapahoe High School, Matthew Buck, who she first met in an AOL chat room in 2000 when she was only 14 years old.

"It was on the playground," she said. "That pea gravel, I remember it sticking to my skin on my bottom, and I was just like, I don't want to do this.' It's destroyed and shattered my life."

That year, Buck pleaded guilty to attempted sex assault on a child by a person in a position of trust for the crime.

After the charges became public, Stillahn said she went from popular cheerleader at Arapahoe High School to social outcast — overnight.

"Kids put together the crying girl in the counseling office was the one on the news, and I was being called a slut," she said, the emotions still raw almost two decades later. "I had no friends; it was so hurtful."

In the fallout, she tried to end her life for the first time, and a lifelong battle with anorexia and depression began. She dropped out of the high school and was home schooled, never going to college.

"I think about dying every day," she said. "So often, I just want it to be over."

In stark contrast, Buck's story also takes a dramatic turn after the criminal charge.

After he went to prison in 2005 on a probation violation, the son of an attorney went to law school, passed the Colorado bar and now practices law in Denver, focusing on marijuana and criminal defense, according to his firm's web site.

"It is not common [for felons to practice law in Colorado], but it does occasionally happen," said Jessica Yates, Colorado's attorney regulation counsel, who said attorneys must meet character and fitness standards.

Records obtained by Denver7 from a recent court transcript show prosecutors said Buck downplayed his conviction to the bar, stating he "was involved in a romantic relationship with a high school student."

"I met him twice and he raped me. No. We did not have a romantic relationship," Stillahn said. Stillahn added that at 14, no sexual relationship with an adult in a position of trust could be considered consensual.

John Gleason was the attorney regulation counsel for Colorado in 2011 and said the bar admission system then was dramatically different. His office took over shortly afterwards, he said, implementing a more thorough investigative process.

"To say that Mr. Buck would not be admitted under the current character and fitness evaluation process is pure speculation," Gleason said. "What I would say is that based on my experience, his application would receive a much different evaluation, a much more thorough evaluation...I'm not aware of any other case that is as significant a crime as this."

Buck became an attorney, but he was still a registered sex offender, until he filed a motion to de-register last year.

"This was the last thing I was expecting, and didn't know it was possible," Stillahn said.

Under Colorado law, certain sex offenses must stay on the sex offender registry for life, but Buck pleaded down to *attempted* child sex assault by a person in a position of trust, which is eligible for de-registration after ten years.

"I just think it was probably a loophole that was inadvertently created by the legislature," said former Denver District Attorney Mitch Morrissey. Morrissey said he believed attempted sex crimes should be included on the list of crimes not

allowed to be de-registered. "I think somebody could take this up and should take this up because again, I think it's a loophole that they did not intend to have."

Denver7 found hundreds of sex offenders de-register every year in Colorado, and while Morrissey speculated that many are deferred sentences or misdemeanor sex crimes, he said some may be "attempted" crime felony offenders who should be monitored.

"Also, I don't think people should use the registry as gospel on whether someone is a sex offender or not because an awful lot of sex offenders get off the registry," he said.

Buck said he did not wish to comment, stating that he had two daughters, and court transcripts show he stated they were the reason he filed to de-register.

Christopher Decker, a criminal defense attorney in Denver, said many sex offenders have been targeted because of registries.

"They have been assaulted. Their houses have been burned down. Their children have been ostracized in schools," said Decker, who has worked with the Colorado Criminal Defense Institute Project offering free legal services around the state for those who qualify to de-register. "I think what's going here is society is beginning to look more carefully at how and why and when we should require someone to register and what are we really getting from this registration."

Decker said the constitutionality of registries is now being challenged in federal court, and many states are looking a modifying them.

"When you have a system that treats everybody the same, bad things happen and some good people get caught up and some bad people don't get caught up enough," Decker said.

Hundreds of sex offenders get their names taken off the sex offender registry every year in Colorado

Under Colorado's Victim's Rights Act, a petition to discontinue registration is defined as a critical stage, so victims have a right to be informed of and present for the criminal justice process. Also, to find out if a sex offender has filed a motion, the criminal case number associated with the defendant's conviction is the same case number for the petition to de-register.

So, Stillahn faced Buck for the first time to fight his motion to de-register, speaking out in court and telling her story.

However, Judge Phillip Douglass eventually granted the request, citing Buck's law license as a factor in his decision. Denver7 tried to reach Douglass by phone several times, with no response. He was voted off the bench last year, but he granted the request last month before his term ended.

We checked, and in the 18th Judicial District, where this happened, the majority of de-registration motions were granted last year. In 2018, of the 23 motions to de-register that were filed, 14 were granted, seven were denied and two are still waiting for hearings.

Stillahn wants the law allowing felony sex offenders to de-register changed and wants to warn others about sex offenders no longer on the registry. Really, though, she just wants her life back.

"Everything that has happened all stems back to Matthew Buck," Stillahn said. "What if that had never happened?"

Copyright 2019 Scripps Media, Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

Exhibit K

Exhibit K

Colorado News and Denver News: The Denver Post

# Ex-coach arrested in assault on teen

**By Mike McPhee**
**Denver Post Staff Writer**

**Sept. 7, 2000** - A former high school lacrosse coach was arrested Wednesday morning and charged with sexually assaulting a 14-year-old Arapahoe High School freshman girl whom he had met on the Internet.

Matthew William Buck, 22, of Littleton, who coached the men's lacrosse team at Arapahoe High and was an assistant lacrosse coach at George Washington School, was arrested by Arapahoe County sheriff's deputies.

He was charged with sexual assault on a child, third-degree assault and false imprisonment.

Buck was arrested at his mother's home on Morning Glory Lane in Littleton, where he has lived this summer, authorities said. He was being held on $5,000 Wednesday.

The victim, who was not identified, met Buck in an America Online chat room in early July, authorities said.

After chatting online several times, the two agreed to meet behind her home the night of July 17. They began meeting regularly and had consensual sex by the end of August, according to authorities. She started classes two weeks ago at Arapahoe High.

Late Monday, the two met again behind her home, then went to Buck's home, where he asked her to pose nude for photographs, according to the arrest report.

She refused, and Buck slapped her and held her against her will, the report alleged. She finally freed herself and went home.

The victim called a girlfriend, who suggested they talk to Kirk Bast, the freshman counselor at Arapahoe High, according to Undersheriff Grayson Robinson.

On Tuesday, Bast notified authorities, who worked on the case through the night and then arrested Buck at 8 a.m. Wednesday.

"If there is a positive in this tragedy, it was that she (the victim) came forward, seeking a trusting adult," said Arapahoe High School principal Ronald Booth. "I'm glad the students have confidence in the counselors. That's how we found out about this.

"Teenagers need role models and advocates, and she saw that in her counselor. But it's a sad situation to have an adult male allegedly take advantage of a 14-year-old freshman high school student."

Bast, who is head coach of both the boys and girls soccer teams, could not be reached.

Buck's neighbors were shocked at the news of his arrest.

"They're a great family. I've never had any trouble with them," said Michael Sotack, 78, a retired oilman who lives down the street. "When he was a teenager he used to come over and ask me to tie his tie for him. He couldn't figure out a Windsor knot."

Buck lives with his mother, Karen, a lawyer in south Denver, and his younger sister, Sarah, according to Sotack.

They have lived there for eight to 10 years, Sotack said.

Buck had worked at a computer company but was unemployed when arrested. Denver Public Schools spokesman Mark Stevens said Buck had worked three months last spring as a girls' soccer coach at George Washington, for which he was paid just over $2,000.

He did not coach and was not a permanent employee with the school system, Stevens said.

"His mother is a great person, very intelligent, trying to raise two children," Sotack said. "There's never been any fuss around the neighborhood from them."

**Copyright 2000 The Denver Post. All rights reserved.**
**This material may not be published, broadcast, rewritten or redistributed.**

Exhibit L



Messages between third parties regarding Plaintiff Matthew Buck and victims on Twitter

Exhibit M



Messages between third parties regarding Plaintiff Matthew Buck and victims on Twitter

Exhibit N



Messages between third parties regarding Plaintiff Matthew Buck and victims on Twitter

Exhibit O



Messages between third parties regarding Plaintiff Matthew Buck (@redlawco) and victims on Twitter, depicting Plaintiff Buck's character and online persona

Exhibit P



Messages between third parties regarding Plaintiff Matthew Buck (@redlawco) and victims on Twitter, depicting Plaintiff Buck's character and online persona

Exhibit Q



Victim, 17, describing encounter with Plaintiff Buck and sexual harassment throughout 2018

Exhibit R





did u really meet her in a chatroom

9:10 PM

I mean she is a fake whore

There is no way ANYONE is up in her guts

Yes, I met her on AOL

9:11 PM



Start a message

Plaintiff Buck describing to Defendant Bora Song of his encounter with minor online

Exhibit S



Plaintiff Buck describing to Defendant Bora Song of his sexual encounter with minor online

Exhibit T



Plaintiff Buck (@redlawco) describing his online character and criminal history to Defendant Bora Song

Exhibit U



Plaintiff Buck describing to Defendant Bora Song of his encounter with minor online