UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

Matthew Buck                                                  Civil Action: No 18-cv-02427

Plaintiff,

v.

Bora Song

AND

Hye Song,

Defendants.

_____

PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Defendants filed an improper and early Motion for Summary Judgment, before the parties have even conducted a Rule 26(f) conference or engaged in discovery.[1] The Motion conveniently ignores key facts, including how Defendants publicly admitted they lied and intended to defame Plaintiff. Defendants' Motion is further unsupported by any competent, admissible evidence. Because Defendants failed to prove that no genuine issue of material exists, summary judgment should be denied.

## II. FACTUAL BACKGROUND

The Defendants engaged in an extended campaign to defame and tarnish Plaintiff's reputation. They created a false Twitter account and publicly accused Plaintiff of illegal activity, solely for their amusement and to harass the Plaintiff. Far from speculating as to Defendants' motives, Plaintiff need only cite to Defendants' own words and actions, which confirm their defamatory, harassing, and tortious intent.

On September 20, 2018, a Twitter user with the account name @WilliamWilma2 began sending messages and tweets directed at the public, Plaintiff, Plaintiff's wife, and coworkers of the Plaintiff's wife. *See* Declaration of Matthew Buck ("Buck Dec.") attached hereto as Exhibit A, at ¶7. The WilliamWilma2 account stated that she was a mother of four minor children, all living in Texas, and that Plaintiff had harassed her under-aged

---

[1] By filing an Answer and their Motion for Summary Judgment, Defendants have waived any objections regarding personal jurisdiction and their Motion to Dismiss should also be denied as moot. *See, e.g., Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010) (holding defendant waived personal jurisdiction objections presented in Motion to Dismiss by substantially litigating on the merits); *German Am. Fin. Advisors & Trust Co. v. Rigbsy*, 2015 WL 5579751 at *2 (7th Cir. Sep, 23, 2015) (holding defendant waived her personal jurisdiction defense, even though she filed a Motion to Dismiss, by participating in summary judgment motions); *Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. 2015) (holding defendant may waive personal jurisdiction defense by filing dispositive motions on the merits).

daughter by soliciting sexually explicit pictures from her and then threatening the daughter with those pictures. *See id*. at ¶¶ 7-13; Exhibit 1, to Buck Dec. WilliamWilma2 further accused Plaintiff of raping his own young daughters, and the children of his wife's coworker. *See id*.

Far from a one-time accusation, the WilliamWilma2 account repeated its public statements, and further tweeted that she would be filing police reports and lawsuits regarding the Plaintiff's alleged behavior. *See* Exhibit 1 to Buck Dec. All the allegations regarding Plaintiff's behavior are false. *See* Buck Dec. at ¶ 13.

On September 23, 2018, Plaintiff received an email through his law-firm website and, as a result, he was able to determine the IP address responsible for sending the email. *See id*. at ¶¶ 17-19, *see also* Exhibit 2 to Buck Dec. The email stated:

> "Hello you piece of shit. You should fuck off twitter. Ill make sure I keep sending your tweets out to people on my account. I dont give a fuck that you're private and people cant see you. Ill make sure they do. You're a piece of fucking shit and your wife will get mails of your bullshit. Good luck raising your daughters. I know you're bored so Ill make sure to keep this drama fueled."

*Id* (errors in original).

To discover who was intentionally defaming him, Plaintiff filed this lawsuit against the then-unknown account owner of @WilliamWilma2. *See id*. at ¶¶ 17-23. Plaintiff believed, based on the writing style in the WilliamWilma2 tweets, that Defendant Bora Song may have been involved in the account. *See id*. Consequently, Plaintiff issued a subpoena to Charter Communications, Inc. for subscriber information associated with the IP address that was used to send the September 23, 2018, email through Plaintiff's website. *See id*. Charter's response indicated the IP address was associated with an account

registered to Defendant Hye Song. *See id*; *see also* Attachments 1-3 to Plaintiff's Response to Motion to Dismiss, at ECF No. 46, referenced as if fully reproduced herein.

Plaintiff further issued a subpoena to Twitter, Inc. for information regarding the registration details and IP addresses that had logged into the account @WilliamWilma2 and Bora Song's personal Twitter account, which was @irl_idgaf[2] at the time the subpoena issued. *See id*. Twitter's response demonstrated that both WilliamWilma2 and irl_idgaf were both accessed numerous times from the same IP address, which was the same IP address as the Charter address associated with Hye Song's Charter account. *See id*. Both the irl_idgaf account and the WilliamWilma account were accessed within minutes of each other from the same IP address on numerous occasions. *See id*; *see also* Attachments 1-3 to Plaintiff's Response to Motion to Dismiss, at ECF No. 46. With this information, Plaintiff sought leave of Court and amended his Complaint to name Bora and Hye Song as Defendants. *See* ECF Nos. 41, 44. Curiously, after Defendants were named in the Third Amended Complaint and therefore available to the public as named parties, but prior to service being completed, the Defendants tweeted an admission from the WilliamWilma2 account. *See* Buck Dec. at ¶24; Exhibit 3 to Buck Dec. The Defendants confessed all their previous tweets were lies and their statements were based on lies. *See id*. Moments after tweeting this admission and attempted retraction, Defendants apparently deleted the tweet. *See* Buck Dec. at ¶ 26. Even with this admission, Defendants now argue that their statements are protected speech and do not constitute defamation per se.

---

[2] Colloquially, the initializations for "irl" and "idgaf" stand for "In real life, I don't give a f*ck."

III.   ARGUMENT

While the Court is well-familiar with the standards governing motions for summary judgment, "summary judgments should be cautiously invoked so that no person will be improperly deprived a trial of disputed factual issues." *Arkansas Right to Life v. Butler*, 983 F.Supp. 1209, 1215 (W.D. Ark. 1997), aff'd 146 F.3d 558 (8th Cir.1998). It is "an extreme remedy which should be sparingly employed." Giordano v. Lee, 434 F.2d 1227, 1230 (8th Cir.1970). "Summary judgment is a lethal weapon, and courts must . . . beware of overkill in its use." Brunswick Corp. v. Vineberg, 370 F.2d 605, 612 (5th Cir. 1967).

Whether or not a moving party meets its summary judgment burden, a court may always deny summary judgment in its discretion. *See McClain v. Meier*, 612 F.2d 349, 356 (8th Cir.1979) ("[A] district court in passing on a Rule 56 motion performs what amounts to what may be called a negative discretionary function. The court has no discretion to Grant a motion for summary judgment, but even if the court is convinced that the moving party is entitled to such a judgment the exercise of sound judicial discretion may dictate that the motion should be Denied, and the case fully developed."); *see generally,* Jack H. Friedenthal & Joshua E. Gardner, Judicial *Discretion to Deny Summary Judgment in the Era of Managerial Judging*, 31 HOFSTRA L.REV.91, 104 (2002) ("The majority of federal courts have held that judges have discretion to deny a motion for summary judgment, even if the parties' submissions would justify granting the motion. The First, Fourth, Fifth, Eighth, and Federal Circuits have each adopted this view.").

In light of the principles outlined above, because Defendants' statements are not protected speech, because Defendants fail to submit any competent evidence to support

5

their Motion, and because genuine issues of material fact exist, Defendants' Motion for Summary Judgment should be denied.

   A. Defendants' Motion is premature

As a threshold matter, Defendants' Motion should be denied because it is premature. The parties have not engaged in discovery and Defendants have thus far refused to engage in a Rule 26(f) conference or outline a plan under Rule 26(f)(3). *See* Fed. R. Civ. P. 26. Because of Defendants' refusal to participate in the Rule 26(f) conference, Plaintiff has yet been unable to seek discovery. *See* Fed. R. Civ. P. 26(d); *see also* Buck Dec. at ¶¶ 32-33; Exhibit 4 to Buck Dec.

Defendants cannot have it both ways. They cannot refuse to participate in the procedures necessary to begin discovery, and at the same time contend that Plaintiff cannot present evidence that creates an issue of material fact. Likewise, and as discussed further below, Defendants attempt to support their motion with unauthenticated and partial representations of conversations both with and regarding the Plaintiff. Without an opportunity to conduct discovery to determine whether these messages are authentic, Plaintiff cannot properly respond to Defendants' Motion. *See* Buck Dec. at ¶¶ 32-33. For this reason alone, Defendant's Motion should be denied.

   B. There is no all-encompassing protection for statements of opinion

In their Motion, the Defendants outline several statements they contend are protected speech because they are the Defendants' opinions or are true statements regarding the Plaintiff. Unfortunately, Defendants cannot cherry-pick some of their statements as opinion and truth, and leave unaddressed the objective and incorrect factual statements they publicly made, admitted to making, and then admitted were false.

6

Despite Defendants' assertions to the contrary, the law is well-settled that a wholesale exception to defamation does not exist for statements of opinion. *See Milkovich v. Lorain Journal*, 497 U.S. 1, 18 (1990), *see also McIntyre v. Jones,* 194 P.3d 519, 528 (Colo. App. 2008). As the Supreme Court noted, "the statement 'In my opinion, Jones is a liar,' can cause as much damage to reputation as the statement, 'Jones is a liar.'" *See id.* at 19. Permitting a defendant to defeat defamation claims because she can couch an implied knowledge of untrue facts as opinion would create an exception that would swallow the rule. *See id.* at 18.

Indeed, the Supreme Court has categorically rejected a wholesale exemption from liability for anything that might be labeled an opinion. *See id*; *see also Standing Committee on Discipline of the U.S. Dist. Ct. for C.D. Cal. V. Yagman*, 55 F.3d 1430, 1439 (9th Cir. 1995) (holding that a defamatory opinion without a disclosed factual basis "gives rise to the inference that there are undisclosed facts that justify the forming of the opinion"), *see also In re Green,* 11 P.3d 1078, 1084 (Colo. 2000). Thus, *Milkovich* and the following case law raise two questions when considering whether a statement is protected opinion: (1) does the statement imply an assertion of objective fact, and (2) can the statement be reasonably interpreted as stating actual facts about an individual? *See Milkovich*, 491 U.S. at 18, 20. Because Defendants fail both prongs of this test, their Motion should be denied.

    i.    Defendants' accusations are provably false

A statement that a person commits a crime necessarily requires objectively verifiable events. Here, Defendants publicly tweeted on September 21, 2018, "Matthew Buck has now threatened my daughter and claimed he will use her pictures online. I have all the files. As a mother of 4 kids, this is up to me now. My daughters are all on

#lawtwitter and I would like to be in the loop to see what the fuss is about." *See* Buck Dec. at ¶ 11; Exhibit 1 to Buck Dec. On September 21st, Defendants again alleged that Plaintiff was harassing a 16-year old girl on Twitter. *See id.* Defendants further alleged their underage "daughter" was "one of many" privately messaging with, and being harassed by, Plaintiff. *See id.* Finally, on that day, Defendants tweeted: "Matthew William Buck: if you are reading this, please stop sending DMs to my daughter. I still see it." *See id.*

These statements are either true or false—Plaintiff either committed these actions or he did not. *See, e.g., Yagman*, 55 F.3d 1430, 1440 (holding that statements that "could reasonably be understood as imputing specific criminal or other wrongful acts" are not entitled to constitutional protection merely because they are phrased in the form of an opinion"); *see also Jankovich v. Int'l Crisis Group*, 593 F.3d 22, 28 (D.C. Cir. 2010) (holding that if criminal acts are verifiable enough to be the bases for criminal detention, then they are verifiable enough for defamation liability). And despite Defendants' bald assertions to the contrary, Plaintiff engaged in none of the alleged conduct. *See* Buck Dec. at ¶ 13. Consequently, not only is the first *Milkovich* question satisfied, but a genuine issue of material fact exists and summary judgment is inappropriate.

    ii.    A reasonable person would believe Defendants accused Plaintiff of illegal activity

Defendants' accusations stated objective (albeit false) facts and alleged Plaintiff engaged in illegal activity. Defendants consistently and continuously alleged Plaintiff harassed their fictional daughter over Twitter, and alleged that they were aware of multiple other young women making the same complaints. In examining a similar scenario, a California court, under a stricter standard than applicable state law here, found the

8

defendants stated actual facts when they levied general and specific criminal accusations on an internet forum, including an assertion that the plaintiff was "a self-confessed felony child abuser" who "molested his own son." *See Grenier v. Taylor*, 234 Cal. App. 4th 471, 486 (2015); *see also Walsh v. Latham*, 20104 WL 618995, at *4 (Cal. Ct. App. Feb.18 2014) (holding no protected opinion for calling plaintiff a perv, pervert, sicko, stalker, and the like because the defamatory posts on Facebook described "concrete behavior" by plaintiff).

Here, the Defendants used clear language that explicitly accused Plaintiff of a crime, stated that they were filing multiple police reports over these alleged crimes committed by Plaintiff, said they were serving Plaintiff with legal process of some sort, and reaffirmed their accusations multiple times to various Twitter users. The Defendants did not use hyperbolic language that would support the impression that they were speaking figuratively. A reasonable reader would no doubt conclude the Defendants were accusing Plaintiff of illegal activity. Consequently, Defendants' statement are not protected opinion and summary judgment should be denied.

C. Defendants admitted the statements were false

Faced with their own admission that the factual statements made by the WilliamWilma2 account were false, Defendants instead seek to mislead the Court with innuendo and tortured logic. However, Defendants cannot ignore what they said and their admission forecloses summary judgment in their favor.

As discussed above, Defendants publicly said that they were a mother in Texas whose minor daughter was harassed and threatened by Plaintiff, who possessed the daughter's sexually explicit pictures. While future discovery—which the Defendants have

9

prevented from occurring while also moving for summary judgment—will prove this untrue, the Defendants' tweet is lethal to their argument. Specifically, Defendants admitted all their tweets were false, that the WilliamWilma2 account was not that of a mother in Texas, and that the Plaintiff had never harassed Defendants or their imaginary daughter. *See* Exhibit 3 to Buck Dec., reproduced here.



Simply put, Defendants' admission is fatal to their argument that their statements are protected because they are true. And any argument to the contrary is nothing more than an attempt to mislead the Court. Therefore, Defendants' Motion should be denied.

> D. Defendants' statements are not protected because they are not a matter of public concern

Defendants appear to argue that their statements are further protected because they are allegedly matters of public concern. Yet again, their argument is unavailing and summary judgment is not appropriate.

Defendants conflate claims of defamation—which are not applicable here—to claims of defamation per se, which are. Specifically, Defendants cite to *Diversified Management Corp. v. The Denver Post* as adopting a "knowledge or reckless disregard" standard for liability. 653 P.2d 1103 (Colo. 1982). However, as the Defendants' cited case makes evident, this standard applies to claims of defamation and not defamation per se. Instead, defamation per se is a strict liability tort and the only defense is the truth of the statements made. Furthermore, Colorado law is settled that damages are presumed under claims of defamation per se, because the statements made are presumptively harmful. If a libelous communication is defamatory per se, damage is presumed, and a plaintiff need not plead special damages. *See Melcher v. Beeler*, 48 Colo. 233, 110 P. 181 (1910); *see also* W. Page Keeton et al., *Prosser and Keeton on the Law of Tort*s § 112 (5th ed.1984)(in defamation per se, "existence of damage was conclusively presumed or assumed from the publication of the libel itself, without any evidence to show actual harm of any kind"). *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004). As Defendants have admitted their statements are untrue, the cannot avail themselves of that defense. *See* Exhibit 3 to Buck Dec. Thus, summary judgment is inappropriate.

E. The Defendants attached no competent summary judgment evidence

Under Rule 56, motions for summary judgment must be supported by admissible evidence. Fed. R. Civ. P. 56(c). Because Defendants failed to provide any admissible evidence and because Exhibits A-U to their Motion constitute nothing more than unsupported, unreliable hearsay, summary judgment should be denied.

In the face of evidence proving that Bora Song's personal Twitter account and the WilliamWilma2 account were accessed within minutes from each other from the same

location, Defendants assert—without support and without a declaration or affidavit—that they did not make the WilliamWilma2 tweets at issue. *See* Defendants' Motion at pp. 1-2. Curiously, Defendants attach Exhibit L, which is a private message conversation between an unknown third-party and the person purporting to be WilliamWilma2. *See* Exhibit L to Defendants' Motion. Defendants leave wholly unexplained how they would have a private message originating from the WilliamWilma2 account if they did not have access to the account.

In short, the Defendants made no effort to authenticate, prove up, or prove the admissibility of any of the evidence attached to their Motion. Although Bora Song has admitted she is a recent law-school graduate and applicant to the State Bar of California, she attempts to support her Motion with nothing more than hearsay and innuendo. Specifically, she attaches multiple purported private message conversations, but redacts key portions without explanation and makes no attempt to prove the authenticity or who may be the other person involved in the conversations. *See* Exhibits A-G, L-U to Defendants' Motion. Without any attempt to prove the authenticity, accuracy, or exception to Rule 801, these exhibits constitute nothing more than inadmissible hearsay. *See* Fed. R. Evid. 801. Consequently, summary judgment should be denied.

> F. Defendants failed to prove no issue of material fact exists regarding Defendants' harassment of Plaintiff

Finally, Defendants are not entitled to summary judgment on Plaintiff's claim of harassment because they have not proven no issue of material fact exists. In Colorado, harassment does not require multiple contacts to fall within the statutory definition:

- 1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she…:

- (e) Directly or indirectly initiates communication with a person or directs language toward another person, anonymously or otherwise, by telephone, telephone network, data network, text message, instant message, computer, computer network, computer system, or other interactive electronic medium in a manner intended to harass or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone, computer, computer network, computer system, or other interactive electronic medium that is obscene.

Colo. Rev. Stat. Ann. § 18-9-111 (West).

Here, the evidence demonstrates—at a minimum—an issue of material fact exists as to whether Defendants initiated communication with Plaintiff in a manner intended to harass or threaten him. Specifically, Defendants' email to Plaintiff through his law firm demonstrates their intent to harass and tarnish Plaintiffs' reputation. *See* Exhibit 2 to Buck Dec. A reasonable fact-finder could conclude language such as "Ill make sure I keep sending your tweets out to people on my account. I dont give a fuck that you're private and people cant see you. Ill make sure they do. You're a piece of fucking shit and your wife will get mails of your bullshit. Good luck raising your daughters," demonstrates an intent to harass and threaten Plaintiff. *See id.*

Further, since Plaintiff filed this lawsuit and named Bora and Hye Song as Defendants, a person purporting to be Bora Song created another twitter account, last located at https://twitter.com/dejuresas, (although the account is now suspended or deleted), specifically to harass the Plaintiff and his spouse, as well as his spouse's co-workers. *See* Buck Dec. at ¶¶ 31-32; Exhibit 5 to Buck Dec. Again, at a minimum, these statements and screenshots demonstrate an intent to threaten and harass Plaintiff and create an issue of material fact. Summary judgment is therefore inappropriate.

## IV. CONCLUSION

For the reasons identified above, the Defendant's improper, premature, and unsupported Motion for Summary Judgment should be denied. Plaintiff further requests all other relief to which he is entitled.

DATED: March 4, 2019

/S Matthew W. Buck

RED LAW LLC

445 Broadway Suite 126

Denver, CO 80203

matt@red.law

720-771-4511

## CERTIFICATE OF SERVICE

I, Matthew W. Buck, do hereby certify that March 4, 2019, I served a copy of the foregoing on the Defendants via e-mail, and with the court via its ECF system.

/S Matthew W Buck