UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____

Matthew Buck                                          Civil Action: No 18-cv-02427
Plaintiff,

v.

Bora Song

AND

Hye Song,
Defendants.
_____

Declaration of the Plaintiff

1

1. I am an adult citizen, over the age of 18 years, and I am competent to make statements contained in this Declaration.

2. I am an attorney licensed to practice in Colorado and am the owner and sole attorney of Red Law, LLC, which operates in the Denver area.

3. I reside with my wife and two young daughters in Denver, Colorado.

4. I am the owner of the Twitter account @RedlawCO.

5. My wife was the owner of the Twitter account @clairbela.

6. My wife's a co-worker is the owner of the Twitter account @lonlystrbuxlovr.

7. On September 20, 2018, a Twitter user with the account name @WilliamWilma2 began sending messages on Twitter directed at accounts belonging to myself, my wife, and my wife's co-worker, and the general public.

8. I am personally familiar with the messages that were posted.

9. Fair and accurate copies of a portion of the messages posted by @WilliamWilma2 are attached to this Declaration as Exhibit 1.

10. The Twitter user @WilliamWilma2 accused me of committing numerous crimes, including raping my own children and the child of my wife's co-worker.

11. The user @WilliamWilma2 claimed she was mother to four minor children, living in Texas. She claimed that I harassed her under-aged daughter by soliciting sexually explicit pictures from her and then threatened this daughter with the release of the pictures.

12. The @WilliamWilma2 account stated that I harassed other under-aged women on Twitter by requesting sexually-explicit pictures.

13. All of @WilliamWilma2's allegations regarding my actions are false.

14. I have never knowingly communicated with a minor on twitter.

15. I have never engaged in non-consensual communication of any sort on twitter.

16. Most importantly, the account alleging any inappropriate behavior is a total fabricated person, an alter ego of the defendants, created for the sole purposing of defaming me.

17. On September 23, 2018, I received an email from what appeared to be the same person or persons responsible for the messages sent by the @WilliamWilma2 account. I believed they were the same person based on the content and the writing style of this message and the @WilliamWilma2 tweets. This writing style and content was also very similar to tweets and messages I had seen from Bora Song, at her personal Twitter account, @irl_idgaf.

18. The email that I received on September 23, 2018, was sent through my firm website and, as a result, I was able to determine the IP address responsible for sending the message.

19. A fair and accurate copy of the email is attached to this Declaration as Exhibit 2.

20. On September 24, 2018, I filed a lawsuit in the United States District Court for the District of Colorado against the then-unknown account owner of @WilliamWilma2.

21. At the time that I filed this suit, I believed that Bora Song was responsible for sending the email and Twitter messages through @WilliamWilma2, but lacked

sufficient evidence for me to feel comfortable naming her a Defendant.

22. With permission of the Court, I issued a subpoena to Charter Communications, Inc. for subscriber information associated with the IP address which was used to send the September 23rd email through my website.

23. Charter's subpoena response indicated the IP address was associated with an account registered to Hye Song.

24. With permission of the Court, I issued a subpoena to Twitter, Inc. for information regarding the registration details and IP addresses which had logged into the account @WilliamWilma2 and Bora Song's personal Twitter account, which was @irl_idgaf at the time the subpoena was issued.

25. Twitter's subpoena response showed that both @WilliamWilma2 and @irl_idgaf were both accessed numerous times from the same IP address. This IP address was also the same one which was associated with Hye Song's Charter account at the time the harassing messages were sent.

26. Twitter's subpoena response also showed that the @WilliamWilma2 account was accessed by IP addresses associated with the State of California's internet system and terminated in the Los Angeles, California area.

27. Prior to the Defendants being served, but after I had named both Bora and Hye Song as parties, I saw the @WilliamWilma2 account tweet a retraction and admission that the prior tweets were untrue.

28. A fair and accurate copy of this tweet is attached to this Declaration as Exhibit 3.

29. Not long after the Defendants tweeted this retraction, within hours, I noticed

the tweet was no longer available. Based on my experience with Twitter, that led me to conclude the tweet had been deleted.

30. On or about December 14, 2018, a process server completed service on Bora and Hye Song.

31. That evening, I received a phone call from Bora Song from the same Sprint phone number which was used to register the @WilliamWilma2 account.

32. Since the Defendants were served with this lawsuit on December 14, 2018, I have attempted multiple times to request that they provide dates so that we may schedule the Rule 26(f) conference. To date, the Defendants—and particularly Bora Song, who refuses to provide contact information for Hye Song—have refused to confer or provide available dates. Fair and accurate copies of our correspondence regarding these communications are attached to this Declaration at Exhibit 4.

33. Because we have not held the Rule 26(f) conference, I have been unable to conduct discovery. Without this discovery, I cannot determine whether the messages and exhibits that Defendants attached to their Motion for Summary Judgment are authentic. Based on the Defendants' redactions, I further cannot determine who the third parties were involved in the majority of these messages. I also am unable to determine the scope of the statements made by Defendants without further discovery, in addition to proving that Bora Song recently created yet another Twitter account solely for the purposes of harassing me and my family.

34. In February, a new Twitter account, whose account name was last @dejuresas, began tweeting at me, my wife, my wife's coworker, and the public. These tweets were again harassing, and it appeared that Bora Song admitted she was the creator

5

of the account and the person writing the tweets.

35. Fair and accurate copies of a portion of the tweets from this account are attached to this Declaration at Exhibit 5. Although the account is currently either suspended or deleted by the user, I intend to conduct discovery to determine whether it was created by and used by Bora or Hye Song.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 4, 2019

*/S Matthew W. Buck*
Matthew W. Buck