```
 1                 IN THE UNITED STATES DISTRICT COURT
 2                    FOR THE DISTRICT OF COLORADO
 3
     Civil Action No. 18-CV-02427-RBJ
 4
 5    MATTHEW BUCK,
 6             Plaintiff,
 7             vs.
 8    HYE SONG and BORA SONG,
 9             Defendants.
10   -----------------------------------------------------------
11                        REPORTER'S TRANSCRIPT
                          Scheduling Conference
12
     -----------------------------------------------------------
13
              Proceedings before the HONORABLE R. BROOKE JACKSON,
14   Judge, United States District Court for the District of
     Colorado, commencing on the 10th day of April, 2019, in
15   Courtroom A902, United States Courthouse, Denver, Colorado.
16                              APPEARANCES
17   For the Plaintiff:
18   PRO SE
19
     For the Defendants:
20
     PRO SE
21
22
23
24
        Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
25               Denver, CO 80294, 303-335-2108
            Proceedings reported by mechanical stenography;
                 transcription produced via computer.
```

```
18-CV-02427-RBJ      Scheduling Conference        04/10/2019    2
```

1              *        *        *        *        *
2        (The proceedings commenced at 8:31 a.m.)
3             THE COURT:  18CV2427, Matthew Buck versus Hye Song
4    and Bora Song.  The Court is in chambers this morning.
5    Mr. Buck is present.  Defendants apparently are calling in.
6    Who's on the phone, please?  Who's on the phone?  Hello?
7             MS. SONG:  Bora Song and Hye Song.  Hello.
8             THE COURT:  All right.  So the two defendants are on
9    the phone.  Mr. Buck is here in person.  Mr. Buck, you're a
10   lawyer.
11            MR. BUCK:  I am, Your Honor.
12            THE COURT:  And, Ms. Bora Song, you are a lawyer,
13   correct?
14            MS. SONG:  I am not.  I am not.
15            THE COURT:  I thought you had taken the bar in
16   California.
17            MS. SONG:  I am not a lawyer right now.
18            THE COURT:  Why not?
19            MS. SONG:  Personal reasons.
20            THE COURT:  Well, all right.  You're a graduate from
21   law school, yes?
22            MS. SONG:  Yes.
23            THE COURT:  All right.  Now, I want both of you to
24   listen to me and listen to me carefully.  In the first place,
25   we're having a scheduling conference this morning and neither

                          Sarah K. Mitchell, RPR, CRR

1  one of you have complied with the rules that require that you
2  submit a scheduling order.  I don't know why.  We have other
3  people that are pro se that comply with the rules.  Neither
4  one of you, both law school graduates, have complied.
5           Mr. Buck, why?
6           MR. BUCK:  Your Honor, the pro se defendant Bora Song
7  refuses to confer on the scheduling conference until this
8  Court rules on her motion to dismiss.
9           THE COURT:  Okay.  Well, that's not an excuse.
10          MR. BUCK:  I agree, Your Honor.
11          THE COURT:  You should have complied.  You did not.
12 That is unacceptable to the Court.  Now, as far as the motion
13 to dismiss is concerned, it is denied.  Do you hear me,
14 Ms. Song?  Denied.  Now, let's talk about the case.
15          MS. SONG:  Yes.
16          THE COURT:  You folks are, in my judgment, crazy to
17 proceed with this case.  I'll start with the plaintiff first.
18          Mr. Buck --
19          MS. SONG:  Yes.
20          THE COURT:  -- as you know, and as he knows and as I
21 know, and he's even filed the documents with the Court, is a
22 convicted sex offender.  He was convicted.  He served his
23 sentence.  He's finished with that now.  He's had his
24 registration requirement vacated.  Good for him.  He's a
25 lawyer now in good standing.  Good for him.  But what this

1  case is going to do is drag all of that out of the woodwork
2  and probably have it imprinted all over the local media.  In
3  my judgment, and I'm not here to decide the case, that's not
4  my role -- in my judgment, even if he could win his defamation
5  claim, it is extraordinarily unlikely that a jury would award
6  him five cents.  Now, I'm basing that on practically 50 years
7  of being a lawyer and judge.
8           On the other hand, Ms. Song, if you are responsible
9  for these nasty Internet postings --
10          MS. SONG:  Yes.
11          THE COURT:  -- I don't care what his history is, you
12 cannot do that.  You cannot simply put something on the
13 Internet that slams somebody and think, well, it's okay
14 because I'm doing it anonymously.  It's okay because I'm out
15 in California, and they can never get to me.  It doesn't work
16 that way.  You put something up on the Internet, and wherever
17 it goes, you're going to follow it.  And if that's to
18 Colorado, you're going to follow it here and defend your case.
19          Now, you're talking about wanting to file a
20 counterclaim.  Nonsense.  I don't know what's the matter with
21 you two young lawyers, or law school graduates.  But this case
22 is about as big an exercise, in my judgment, of poor judgment
23 as I have seen.
24          Now, what are you going to do, Mr. Buck?  Are you
25 going to insist on prosecuting this case no matter what

1  consequence it will cause you?
2         MR. BUCK: Well, if I can give my reasoning, as this
3  Court is aware under the Communications Decency Act, I have no
4  ability to go after Twitter for defamatory postings which are
5  untrue. So I don't have a problem with defamation as it is,
6  and I would not have brought a suit if she was only making
7  defamatory or insulting comments. But when she alleges that
8  I'm committing new offenses against children, then I'm going
9  to prosecute that case.
10        However, in the context of -- or I guess throughout
11 the process of this case, communicating with Twitter, either
12 Twitter or the defendants have removed the defamatory per se
13 postings alleging that I was sexually harassing the
14 defendant's nonexistent children have been removed and are no
15 longer on the Internet, so I'm not inclined to pursue the
16 case, as that was the only remedy that I wanted. I wasn't
17 looking for monetary damages. I was looking for an order from
18 the Court, although there's no longer a need for that order to
19 remove the postings.
20        MR. BUCK: Okay. Now, Ms. Song, what in the world
21 were you thinking when you put this kind of junk on the
22 Internet?
23        MS. SONG: Yes.
24        THE COURT: What's your answer?
25        MS. SONG: I did not post them myself, but I do know

1  that it was posted in this house --
2            THE COURT:  Well --
3            MS. SONG:  -- and I was personally harassed by
4  Mr. Buck, so I felt inclined to allow this to happen.
5            THE COURT:  Okay.  Well, let me tell you, young lady,
6  you made a very, very bad decision.  Now, apparently you've
7  taken it down; is that correct?  Or Twitter has.
8            MS. SONG:  Yes.
9            THE COURT:  Are you going to do any more of this or
10 have you got this out of your system now?
11           MS. SONG:  I will not be interacting or speaking or
12 talking about him or anyone else.
13           THE COURT:  All right.  And you'd better mean that.
14 Now, are you going to drop the case?
15           MR. BUCK:  I am, Your Honor.
16           THE COURT:  He's filing a motion voluntarily --
17           MS. SONG:  But I have also been contacted by --
18           THE COURT:  Just a minute.  He's filing a motion
19 right now orally voluntarily to dismiss the case.  Do you
20 oppose dismissal of the case?
21           MS. SONG:  I do not oppose.
22           THE COURT:  Okay.  Now, listen to me.  Here's my
23 advice to you people.  Mr. Buck, without saying that you're
24 planning to do anything or that you've done anything, knock it
25 off.  Do not harass, contact, communicate with, have anything

18-CV-02427-RBJ     Scheduling Conference     04/10/2019     7

1  to do with these people in California, directly or indirectly.
2  Do you understand?
3          MR. BUCK:  I do, Your Honor.
4          THE COURT:  And the Songs, do not directly or
5  indirectly, yourselves or through friends or anybody else,
6  have any contact with Mr. Buck or post anything about him on
7  the Internet.  Agreed?
8          MS. SONG:  Yes, Your Honor.
9          THE COURT:  All right.  The case is dismissed.
10 Good-bye.
11     (The proceedings were concluded at 8:41 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                    Sarah K. Mitchell, RPR, CRR

```
 1                    REPORTER'S CERTIFICATE
 2
 3         I, SARAH K. MITCHELL, Official Court Reporter for the
 4    United States District Court for the District of Colorado, a
 5    Registered Professional Reporter and Certified Realtime
 6    Reporter, do hereby certify that I reported by machine
 7    shorthand the proceedings contained herein at the time and
 8    place aforementioned and that the foregoing pages constitute a
 9    full, true and correct transcript.
10         Dated this 25th day of April, 2019.
11
12
13
14              /s/ Sarah K. Mitchell
15              SARAH K. MITCHELL
                Official Court Reporter
16           Registered Professional Reporter
               Certified Realtime Reporter
17
```

Sarah K. Mitchell, RPR, CRR